BARKDULL, Chief Judge.
The appellant brought the instant action in the trial court, seeking to recover damages for a personal injury allegedly received when the vehicle in which she was riding [which had come to a stop because of interference in traffic] was struck from the rear by a vehicle being driven by appellee Linda Lee Stark. Linda Lee Stark was the only witness to testify as to how the accident occurred. She stated she was driving south on Biscayne Boulevard in the drizzling rain, following the vehicle in which the appellant was riding, approximately 6 car lengths back. As she approached Northeast 52nd Street, she saw a car pulling out of a parking lot to the west of the street, so she started to decelerate as she knew the appellant’s vehicle had to stop. When she was 2 car lengths back, she “jammed” on her brakes, but her car would not stop as the brakes “locked”, and she struck the appellant’s vehicle in the rear. The cause went to the jury, which returned a verdict for the appellees. It is from the judgment entered, pursuant to that verdict, that this appeal is taken.
The principal point relied on by the appellant for reversal of the final judgment, was the failure of the trial court to direct a verdict at the conclusion of all the evidence, upon the basis that the defendant’s explanation of how the accident occurred was not substantial enough to rebut the presumption of negligence which arose from the rear end collision. See: Kimenker v. Greater Miami Car Rental, Inc., Fla.App.1959, 115 So.2d 191; Sheehan v. Allred, Fla.App.1962, 146 So.2d 760. The appellees urge that the trial judge was correct in denying the directed verdict, upon the authority of Pensacola Transit Co. v. Denton, Fla.App.1960, 119 So.2d 296.
We conclude that the explanation given by the defendant, as to how the accident occurred, was not sufficient to rebut the presumption of negligence which arose because of the rear end collision, and that the trial judge was in error in failing to direct a verdict at the conclusion of all the evidence. The case of Pensacola Transit Co. v. Den-ton, supra, relied on by the appellees, does not appear to be applicable in the instant situation, in that it was specifically pointed out in that opinion that the reason for the inability of the bus to stop was the failure of the bus’s brakes to operate, plus the testimony of the bus driver that its air brakes “simply did not function”. In this case, although the Appellee Linda Lee Stark was about 6 car lengths behind the automobile in which the appellant was riding, she took no action to bring her vehicle to- a complete stop until she was only 2 car lengths from the vehicle she struck, and then “jammed” on her brakes and they functioned sufficiently to “lock” the wheels of her car and caused her to skid on the wet street into the rear of the stopped vehicle.
The judgment for the defendant is therefore reversed and the cause remanded to the trial court, with directions to enter an order granting plaintiff’s motion for a directed verdict upon the issue of liability and granting plaintiff’s motion for a new trial upon the issue of damages.
Reversed and remanded, with directions.