BARKDULL, Chief Judge.
The appellant brought an action in the trial court seeking to recover damages for a personal injury, allegedly received when the vehicle in which he was riding [which had come to a stop at a traffic light] was struck from the rear in a four-car accident. The driver of the first car was not a party to the action in the trial court. The second vehicle was occupied and driven by the appellant herein. The third vehicle was owned by the appellee, John W. Barrett, a/k/a Jack Barry. The fourth vehicle was driven by the appellee, Winston Warner, Jr., and owned by the appellee, Jack J. Guile.
The first, second and third vehicles were stopped when the fourth vehicle, driven by Warner, ran into the rear of the Barrett vehicle, knocking it into the rear of appellant’s vehicle, and knocking the appellant’s vehicle into the first car. The appel-lees, Warner and Guile, contended the accident was unavoidable due to brake failure on their truck. At the close of all the evidence, the trial court directed a verdict for Barrett and the cause went to the jury, which returned a verdict for the appellees, Warner and Guile. It is from the judgment entered pursuant to that verdict and the directed verdict that this appeal is taken.
The principal point relied upon by the appellant for reversal of the final judgment, was the failure of the trial court to direct a verdict in his favor as to liability at the conclusion of all the evidence, upon the basis that the defendants’ explanation of how the accident occurred was not substantial enough to rebut the presumption of negligence which arose from the rear end collision. See: Kimenker v. Greater Miami Car Rental, Inc., Fla.App.1959, 115 So.2d 191; Sheehan v. Allred, Fla.App. 1962, 146 So.2d 760. The appellees urge that the trial judge was correct in denying the directed verdict, upon the authority of Pensacola Transit Co. v. Denton, Fla.App.1960, 119 So.2d 296.
*288 We conclude that the explanation given by the defendants, as to how the accident occurred, was not sufficient to rebut the presumption of negligence and that the trial court erred in failing to direct a verdict at the close of all the evidence.[1] The case of Pensacola Transit Co. v. Den-ton, supra, relied upon by the appellees, does not appear to be applicable in the case sub judice, even though it held that the testimony of the bus driver [that the bus failed to stop because its air brakes ■“simply did not function” when they worked after the accident] was sufficient to present a jury question as to whether or not the presumption of negligence was overcome. In the instant case, the testimony of the defendant, Warner [as reflected by his deposition, part of which was read into evidence], clearly showed that at the time he applied his brakes he was traveling at IS miles per hour and was only 15 feet from the Barrett vehicle. At that speed and distance he would have been unable to bring his vehicle to a halt prior to striking the Barrett vehicle, even if the brakes had held. This fact, coupled with the physical facts of the skid marks left by Warner’s vehicle and the workability of the brakes immediately after the accident, renders Warner’s uncorroborated testimony as to the brake failure insufficient to overcome the presumption of negligence, which arose because of the rear end collision.
Therefore, that portion of the final judgment in favor of the defendants, Winston Warner, Jr., and Jack J. Guile, is hereby reversed, and the cause is remanded to the trial court with directions to enter an order granting the plaintiff’s motion for directed verdict upon the issue of liability and granting the plaintiff’s motion for a new trial upon the issue of damages.
Reversed and remanded with directions.

. We would like to point out that this cause was decided prior to this court’s decision in Vasquez v. Stark, Fla.App. 1963, 155 So.2d 905, and that the trial judge did not Have the benefit of that decision when ruling on the plaintiff’s motion for a directed verdict.