MELVIN, WOODROW M., Associate Judge.
This is a case produced by a rear-end collision, and the defendant has appealed from an adverse judgment. The Plaintiff, Connie W. Purvis, was riding as a passenger on the right side of the front seat of a motor truck of his employer, Sebring Tile and Terrazzo Company. Another employee, Ernest Ash, was driving the truck;A third employee, Thomas Carter, sat in the middle of the cab. The Sebring Tile and Terrazzo Company truck was stopped on the highway to the rear of a larger truck. A truck driven by Harold D. Deck in the course of his employment for the defendant, Inter-County Telephone & Telegraph Company, ran into the rear of the Sebring Tile and Terrazzo truck.
The complaint alleges that the defendant’s truck driver had operated the truck in a careless and negligent manner and had collided with the vehicle in which plaintiff was riding as a passenger. The defendant’s answer denied all allegations of the complaint and for affirmative defense, the defendant alleged that the plaintiff Purvis was guilty of contributory negligence, by alleging that any injuries sustained by the plaintiff “were caused in whole or in part, or were contributed to, by the negligence or fault or want of care of the plaintiff.”
In due season the plaintiff moved for summary judgment as to liability issue against defendant, based upon the pleadings and depositions in the cause. :Thát motion was granted. Defendant’s motion for rehearing was denied; A jury trial upon the issue of damages sustained' by Purvis resulted in a verdict for the plaintiff in the sum of $125,000.00, and judgment was entered in accord with the verdict. Defendant’s motion for' new trial was denied. By appropriate assignment of error, defendant challenges the trial court’s Order granting plaintiff’s motion for summary judgment as to issue of liability.
It appears from the depositions on file in this cause that plaintiff Purvis was foreman, and that the driver Ash, as well as Thomas Carter, were all employees of Sebring Tile and Terrazzo Company, and were enroute on U. S. Highway No. 98, in Highlands County, to a location in Okeechobee • where they were to lay some tile. In analyzing the depositions of the *40 witnesses, it is the duty of the Court to consider and to weigh all proper inferences in favor of the defendant. Delany v. Breeding’s Homestead Drug Co., Fla., 93 So.2d 116, 119. It appears from the depositions that on the morning in question the men delayed their departure for work for approximately two hours because of a very heavy fog. The fog then lifted to some extent and Purvis, with his two helpers, left for the job site. But the fog was then thick enough to cause the driver Ash to proceed along the old DeSoto City Road before reaching U. S. 98, so'that he might “dodge most of the trafile because of the fog.” The driver Ash operated the truck onto U. S. 98 behind a truck-trailer and at that time the fog was “still sort of heavy”, accoz'ding to Ash, and, it was Carter’s judgment that “it was real foggy.” Ash and Purvis discussed the fog condition, and Purvis remarked to him “better not take too many chances.” The trio proceeded down the highway to the point where in moments the accident in question occurred. Ash testified that the trailer ahead of him came to a stop and that a car just ahead of the trailer was also stopped in the highway. It was the testimony of Ash that “All at once the trailer come to a dead stop. I stopped and waited 30 seconds; maybe 45 seconds; I don’t know; glanced in the mirror. I saw the telephone truck coming, coming too fast. I didn’t say any-ing; grabbed the wheel and gripped it and it run in the back.” It appears from the depositions that the truck-trailer immediately in front of the tile truck was well lighted. Purvis testified that the truck-trailer came to a gradual stop and that the tile truck in which he was riding then stopped, with lights burning, on the highway for about a minute before the accident. The driver of the defendant’s truck deposed that, although he could see the lights on the larger truck-trailer, he could see no lights on the tile truck in which plaintiff was sitting and he did not see the tile truck until he was about 75 feet away from it. It appears without conflict that the defendant’s truck was in good mechanical condition; that the windshield wipers were on because of the fog, and so were the lights. The defendant’s driver further testified that “When I approached the fog I slowed down to about 30 miles an hour.” When Deck saw the tile truck stopped on the highway, he immediately applied the brakes, the wheels locked and the truck slid into the tile truck.
When the depositions are thus viewed in the light most favorable to the defendant, it appears that a trial jury could have:
1. Concluded from the statement of defendant’s driver, Deck, that he was exercising all due care under the circumstances ; that the tile truck in which plaintiff was riding was negligently parked on the highway without any lights burning thereon; that existing weather conditions required the burning of lights, and that the negligence of Ash in so parking the tile truck without lights burning thereon was the sole proximate cause of the accident. See Lientz v. Holder, Fla.App., 95 So.2d 505.
2. Concluded that the plaintiff, as foreman of the work crew, was in charge of the truck and its driver, and was guilty of contributory negligence in not attempting to control the conduct of his driver, (a) as to burning of lights under existing conditions of known danger on the highway, or (b) as to parking the truck off the highway before coming to a stop. See Golden v. Harrell, Fla.App., 147 So.2d 350, 352.
The essential facts as presented by the depositions are not beyond dispute in this case. The learned trial judge was, therefore, in error in granting plaintiff’s motion for summary judgment.
The judgment is reversed, and the cause is remanded for a new trial upon the issues of liability and damages.
SMITH,'.C. J., and WHITE, J., concur.