173 So.2d 679 (1965)
Connie W. PURVIS, Petitioner,
v.
INTER-COUNTY TELEPHONE AND TELEGRAPH COMPANY, a corporation, Respondent.
No. 33549.
Supreme Court of Florida.
March 24, 1965.
Rehearing Denied April 26, 1965.
*680 Miller, Cone, Owen, Wagner & Nugent, West Palm Beach, and Lefferts L. Mabie, Jr., Wauchula, for petitioner.
Woolfolk, Myers., Curtis & Newman, Lake Wales, and Howell & Houser, Jacksonville, for respondent.
ERVIN, Justice.
The petitioner seeks writ of certiorari to the District Court of Appeal, Second District, to review its decision in Inter-County Telephone & Telegraph Company v. Connie W. Purvis, 163 So.2d 38.
The facts of this case need not be summarized herein except so much of the opinion below as appears in the next paragraph, since they are detailed in the opinion of the District Court of Appeal sufficient to fully inform concerning the nature of the case below.
"In due season the plaintiff moved for summary judgment as to liability issue against defendant, based upon the pleadings and depositions in the cause. That motion was granted. Defendant's motion for rehearing was denied. A jury trial upon the issue of damages sustained by Purvis resulted in a verdict for the plaintiff in the sum of $125,000.00, and judgment was entered in accord with the verdict. Defendant's motion for new trial was denied. By appropriate assignment of error, defendant challenges the trial court's Order granting plaintiff's motion for summary judgment as to issue of liability. (Emphasis supplied.)
* * * * * *
"The essential facts as presented by the depositions are not beyond dispute in this case. The learned trial judge was, therefore, in error in granting plaintiff's motion for summary judgment.
"The judgment is reversed, and the cause is remanded for a new trial upon the issues of liability and damages." (Emphasis supplied.)
Petitioner contends that where reversible error is found which affects only the issue of liability in the trial court, but does not touch upon the issue of damages, the decision below in this regard conflicts with the case of Larrabee v. Capeletti Bros., Inc. (Fla.App.3rd, 1963), 158 So.2d 540, since the District Court of Appeal remanded this case for a new trial not only upon the issue of liability of the defendant-respondent, but also on the issue of damages.
*681 Petitioner also contends there is conflict between the decision below and Vasquez v. Stark (Fla.App.3rd, 1963), 155 So.2d 905. Inasmuch as this Court quashed the decision in Vasquez v. Stark, supra, and directed that the issue of liability therein be determined by a jury (see Stark v. Vasquez, Fla., 168 So.2d 140), this contention concerning conflict need not be considered.
We agree with petitioner that the decision sought to be reviewed conflicts in principle with Larrabee v. Capeletti, supra. In the latter case a new trial was granted only on the issue of liability in a personal injury action. The plaintiff there had received a jury verdict of $10,000.00. In that case the court held the issue of liability to be distinct and separable from the issue of damages. In support of this holding the court said:
"[4] `"The above procedure is authorized by Rule 2.8(a) of the Florida Rules of Civil Procedure [31 F.S.A.] which reads as follows: `Jury and Non-Jury Cases. A new trial may be granted to all or any of the parties and on all or a part of the issues. * * *' That rule makes no distinction between re-submission of damage question to a new jury following the granting of a new trial and re-submission of the liability question. Indeed, even in the absence of such authorizing rule or statute, the majority rule is that a new trial may be limited to the question of liability when it is clear that the course can be pursued without confusion, inconvenience, or prejudice to the rights of any party. (For a full discussion of the above proposition, see 34 A.L.R.2d 988, and cases cited)."'"
On the merits, we believe the rule in Larrabee v. Capeletti, supra, should be followed here, since the assignment of error by appellant (respondent here) in the District Court of Appeal only referred to the issue of liability and not to that of damages.
The respondent expresses the fear that separation of the issue of damages from the issue of liability in the jury's new consideration may be prejudicial to it. We do not believe this is likely. The trial court can by proper instructions to the jury and supervision of the trial process avoid any inferences or implications to be drawn from the previous award of damages or, for that matter, preclude any reference to such award in the new trial, thereby avoiding prejudice to respondent in the jury's deliberations in respect to the issue of liability.
The decision and judgment of the District Court of Appeal is quashed insofar as it remanded the cause for a new trial upon the issue of damages, but is otherwise undisturbed. However, upon the new trial should the jury find in favor of the defendant-respondent upon the issue of liability, and no disturbance of such finding thereafter occurs, the existing verdict and judgment in favor of the plaintiff awarding $125,000.00 damages shall be null and void.
DREW, C.J., and THOMAS, J., concur.
ROBERTS, J., concurs specially with opinion.
CALDWELL, J., concurs specially and agrees with ROBERTS, J.
ROBERTS, Justice (concurring specially).
I concur for the reason that the question of damages was not properly brought up by assignment of error or argued in the briefs. Ordinarily, in my opinion, the ends of justice are best served when the same jury determines both liability and damages.
CALDWELL, J., concurs.