MELVIN, WOODROW M., Associate Judge.
This is an appeal by the defendant to review a final judgment in favor of the plaintiff based upon a verdict of the jury as to damages. The trial court, upon motion of plaintiff, directed a verdict in favor of the plaintiff upon the issue of liability. The defendant’s answer raised the affirmative defense of contributory negligence. He assigns as error the ruling of the court in directing a verdict as to liability.
In Cash v. Gates, Fla.App.1963, 151 So.2d 838, text 840, it was held that:
“The party moving for a directed verdict admits not only the facts established by the evidence but also every conclusion favorable to the adverse party that a jury might reasonably infer from the evidence.”
We will, therefore, review the record in the light of such admission.
The subject litigation is based upon a rear end collision that occurred March 20, 1962, on a state highway at a time and a place where the general area of the road was shrouded in darkness, fog and smoke to the extent that visibility immediately prior to and at the time of the impact was limited to approximately ten feet.
The plaintiff was operating a Dodge truck and, because of an accident upon the highway, had brought his truck to a stop *517 with all four wheels remaining on the surface of the road and with engine running. He had knowledge that defendant’s truck was approaching from his rear because shortly before, in an area where atmospheric conditions were clear, he had passed the defendant. A witness who was riding in plaintiff’s truck advised the plaintiff that he was going to run down the road and attempt to stop defendant’s truck.
Plaintiff’s truck remained in that position of peril on the highway, engine running, for two to five minutes, and plaintiff remained in his truck until the collision. Plaintiff’s two passengers got out of the truck.
At this point defendant’s truck, proceeding at a speed of not more than fifteen miles per hour, struck the rear of plaintiff’s truck causing personal injury to the plaintiff.
It appears from the testimony that there was ample space on the shoulder of the road upon which the Dodge truck could have been parked. It also appears that the plaintiff had ample time to so- park his truck.
The record reflects ample evidence to support a conclusion that the defendant was negligent in the operation of his truck and that such negligence proximately caused the accident and plaintiff’s injuries. However, the jury could have also concluded that the plaintiff was negligent, under existing conditions and circumstances of known danger, in parking his truck on the highway in violation of the provisions of Section 317.44, Florida Statutes, 1961, F.S. A., and that his act in violating said law had a direct and proximate causal relation, in some appreciable degree, to the happening of the accident. Inter-County Telephone & Telegraph Company v. Purvis, Fla.App.1964, 163 So.2d 38 (modified on certiorari on a point not material here: Purvis v. Inter-County Telephone and Telegraph Company, Fla.1965, 173 So.2d 679).
It therefore follows that the learned trial judge was in error in directing a verdict as to liability.
Defendant’s remaining assignments of error are found to be without merit.
The judgment appealed from is reversed with direction to grant a new trial.
SMITH, C. J., and ANDREWS, J., concur.