**BENNETT, et al v. GARFIELD, et al.**

No. 75-522-CA(L)01-B.

Circuit Court, Palm Beach County.

August 17, 1978.

Gregory B. Dickenson, Palm Beach, and Richard A. Henry, West Palm Beach, for the plaintiffs.

Anthony E. Pucillo, West Palm Beach, for the defendants.

DANIEL T. K. HURLEY, Circuit Judge.

*Order establishing issues for retrial:* A hearing was held in this case on August 1, 1978 for the purpose of considering the plaintiffs' "Motion for Determination of Issues for Trial." Gregory B. Dickenson, Esq. and Richard A. Henry, Esq. represented the plaintiffs; Anthony E. Pucillo, Esq. represented the defendants.

A brief history of the case is helpful to understanding the issue presented on this motion. First, these are three cases which were consolidated by Judge Smith in May of 1975. Subsequently, in June of 1976, Judge Smith granted a partial summary judgment as to liability and the cases were tried solely on the issues of damages and attorneys' fees. Final judgments were entered for the plaintiffs in December of 1976 and thereafter the defendants filed notices of appeal.

The notice of appeal which is identical for each case indicated that "the nature of the order appealed is a final judgments" (sic). Defendants then listed three assignment of error —

1. The court erred in granting plaintiff's motion for summary judgment.

2. The court erred in denying defendant's motion for summary judgment.

3. The court erred in entering the final judgment.

The District Court of Appeal "reversed and remanded," finding that "there are material issues of fact" and that summary judgment was improper. The plaintiffs on their present motion contend that these directions ("reversed and remanded") are ambiguous and require clarification by this court. They suggest that the issue of damages was not assigned as error on appeal and thus under the holding in *Purvis v. Inter-County Telephone and Telegraph Co.*, 173 So.2d 679 (Fla. 1965), a new trial is required only on the issue of liability.

While not disputing the *Purvis* rule, defendants argue that the appellate court did not limit its ruling and therefore a new trial is required on liability and damages. This argument stems from the principle that "when not expressly so limited by an appellate court, the new trial is to be presumed as awarded on all issues." *Pavlis v. Atlas-Imperial Diesel Engine Co.*, 163 So. 515, 517 (Fla. 1935), and *General Portland Land Development Co. v. Stevens*, 356 So.2d 840, 842 (Fla. 4th DCA 1978).

The orderly administration of justice would normally require that questions of this nature first be put to the appellate court. It is that court which rendered the decision and which is in the best

position to provide any needed clarification or explanation. If the time for rehearing had not already expired, and had not both parties requested this court to resolve this question, I would decline to entertain the present motion and would require the parties to return to the District Court of Appeal. This court is acutely aware of its responsibility to meticulously follow and fully implement the decisions of the District Court of Appeal. And so it is with understandable hesitancy and reluctance that this court enters the following ruling — there is the concern that any attempt to explicate the ruling also involves the possibility of imposing an unintended limitation.

Turning now to the issue at hand, the court notes that the opinion and mandate of the court of appeal do not expressly require a new trial on all issues. Moreover, this case seems to be "on all fours" with the situation in *Purvis* — a Supreme Court ruling which is applicable in all the districts and which undoubtedly would have been applied by the court of appeal had it been called to their attention.

Accordingly, it is ordered and adjudged that the retrial of this cause shall be limited to the issue of liability.