PER CURIAM.
Reversed. The issue in this case is whether it was error to allow a traffic investigation officer to testify on cross-examination as to statements made by one of the participants in an automobile accident regarding where he made a U-tum in front of the appellant’s vehicle which precipitated the accident, the subject matter of this suit. We hold that it was error to allow the officer to testify to this, as statements made to an investigating police officer by a participant in the accident are confidential and not admissible. See § 316.066, Fla.Stat. (1987); Hammond v. Jim Hinton Oil Co., 530 So.2d 995 (Fla. 1st DCA 1988). We do not find that the appellant’s questioning of the officer waived the privilege.
The damaging point of the officer’s testimony was that it was contrary to both the testimony of the appellant and appellee as to where the appellee made his U-tum on the roadway. If the U-tum occurred where the parties said it occurred, the time for the appellant to react to the presence of the appellee’s vehicle was very short. On the other hand, if the U-turn occurred where the officer reported it, the appellant, who was found to be 60% at fault, would have had three blocks to observe the appellee’s vehicle before the crash. Even though the officer’s testimony was contrary to appellee’s testimony and all other evidence in the case, defense counsel capitalized on it, as there were no other disinterested eye witnesses to the accident. In closing argument, during his discussion of liability, he referred five times to the appellant having three blocks to observe appellee’s vehicle. Based on this emphasis on the inadmissible testimony in closing argument, we cannot conclude that it was harmless error to admit it, thus necessitating reversal for a retrial on the issue of liability. See Purvis v. Inter-County Tel. and Tel. Co., 173 So.2d 679 (Fla.1965).
WARNER and KLEIN, JJ., concur.
GLICKSTEIN, J., dissents with opinion.