HORTON, Judge.
This was an action for damages resulting from personal injuries sustained by the ap-pellee when automobiles driven by the appellant and appellee collided at the intersection of S.W. 6th Street and 14th Avenue in the City of Miami, Florida.
The cause was tried before a jury which, upon deliberation, returned a verdict in favor of the appellant. The appellee filed a timely motion for new trial and the trial court granted the same upon the grounds “that the verdict * * * is against the evidence and against the weight of the evidence.” This appeal is from the order granting appellee a new trial.
The only question for determination here is whether the trial court abused its discretion in granting a new trial. To answer this question requires us to examine the evidence.
The appellee’s case consisted of the testimony of the officer who investigated the accident, the appellee, a companion who was riding with the appellee, and photographs of the intersection. The appellee was apparently proceeding east on S.W. 6th Street, a main thoroughfare. The appellant was proceeding north on S.W. 14th Avenue. Traffic on S.W. 14th Avenue, where it intersects with S.W. 6th Street, is governed by a stop sign. The appellee and his companion testified that when their automobile was approximately 20 to 30 feet from the intersection they first saw the appellant’s automobile. Parked at the intersection on the south side of S.W. 6th Street was a beer truck which obstructed the view of traffic approaching from the south on S.W. 14th Avenue, and traffic approaching from the west on S.W. 6th Street. Immediately upon seeing the appellant’s automobile in front of him, the appellee applied his brakes and the impact occurred. The appellee estimated that the appellant’s automobile was moving slowly, about five miles per hour. It was established that the impact took place south of the center line of S.W. 6th Street and east of the center line of S.W. 14th Avenue, or, in the southeast quadrant of the intersection of the two streets. According to the appellee’s testimony, as well as the appellant’s neither of the automobiles swerved materially, nor took any other evasive action to avoid the accident.
The appellant testified that she approached S.W. 6th Street from the south on S.W. 14th Avenue and stopped at the stop *48 sign. She was aware of the beer truck parked on the south side of S.W. 6th Street and that it obstructed her view of traffic approaching the intersection from the west on S.W. 6th Street. She further stated that she proceeded slowly into the intersection after looking both to the right and to the left and when she had reached a point several feet south of the center line of S.W. 6th Street, she saw the approaching vehicle of the appellee and immediately applied her brakes.
The police officer who investigated the accident testified that from an examination of the physical evidence the automobiles appeared to be in approximately 'the same position after the accident as they were at the time of the impact, and that the appellee’s car was south of the center line of S.W. 6th Street. There was conflicting testimony as to which car ran into the other. The appellant claims that her automobile was damaged on the left side near the front and that the appellee’s automobile was damaged on the right front. The appellee contradicts this statement and says that his automobile was struck by the appellant’s automobile on the right front side.
Under the issues as formed by the pleadings in the case, and the testimony and evidence offered by the parties, it was a typical question- for a jury to determine whether the appellant’s negligence or the appellee’s contributory negligence was the proximate cause of the accident.
 As a general proposition, where there appears substantial, competent evidence to support a jury verdict, it will not be disturbed and the trial court is without authority to substitute its judgment on the evidence for the views and conclusions of the jury. Likewise, it is true that a trial court may set aside a verdict and grant a new trial when it is shown that the jury was deceived as to the force and credibility of the evidence or where they may have been influenced by considerations outside the record. See Hart v. Held, 149 Fla. 33, 5 So.2d 878; Grand Assembly of Lily White Securities Benefit Association v. New Amsterdam Casualty Co., Fla.App.1958, 102 So.2d 842.
An appellate court is always reluctant to reverse a trial court upon a ruling which involves the exercise of discretion and this is particularly true in reviewing an order granting a new trial. However, in this instance, where the specific grounds upon which the order granting the new trial were that “the verdict was against the evidence and against the weight of the evidence”, we are persuaded to the view that it was error for the trial court to have granted the motion.
Considering the verdict in the light of the testimony and evidence adduced at the trial, it is conceivable that the jury could have determined that the appellee’s contributory negligence was the proximate cause of the accident. It is equally as plausible that the jury may have concluded that the appellee had failed to prove any negligence on the part of the appellant, or that the concurrent negligence of both parties was the proximate cause of the accident. Under any of the foregoing assumptions, it could not be said with a degree of certainty that the verdict was against the weight of the evidence. There is no suggestion, nor does any evidence appear in this record, that the jury was influenced by matters or considerations outside the record.
Upon the entire record which we have carefully reviewed, it is our opinion that there was substantial, competent evidence to support the verdict of the jury.
Accordingly, the order appealed from is reversed, and the cause is remanded for the entry of a judgment upon the verdict.
Reversed and remanded.
CARROLL, CHAS., C. J., and WARREN, LAMAR, Associate Judge, concur.