PER CURIAM.
The above causes have previously been consolidated for purposes of filing and use of one original record on appeal, briefing and oral argument. The original plaintiffs, who were initially styled as appellees in these causes, have been stricken as parties to these appeals by prior order of this court. These causes come on to be heard upon motions to dismiss filed by appellee, Fontainebleau Hotel Corp., directed to those portions of the notices of appeal wherein the appellants, who were the co-defendants in the trial court with Fontainebleau Hotel Corp., seek review of summary judgments granted in favor of appellee, Fontainebleau Plotel Corp., against the plaintiffs.
The limited record before us discloses that plaintiffs filed common law actions against Fontainebleau Hotel Corp. and the appellants herein, as defendants, and that cross-claims were filed by Fontainebleau Hotel Corp. and Otis Elevator Company against each other. That, thereafter, summary judgments were entered in favor of Fontainebleau Hotel Corp. against the plaintiffs on the main causes of action and in favor of Fontainebleau Hotel Corp. on its cross-claims against the other defendants. The appellants herein, co-defendants of Fontainebleau Hotel Corp. in the trial court, are attempting to have the judgments in favor of one of their co-defendants reviewed by these proceedings, and the question presented by these motions is, does the fact that cross-claims were pending between the co-defendants constitute an exception to the general rule that one defendant cannot appeal a judgment in favor of a co-defendant ?
A research of the law clearly shows that a cross-claim in and of itself does not constitute an exception to the general rule that a defendant cannot appeal a judgment in favor of a co-defendant and the original plaintiff. It is necessary that the judgment prejudicially affect the cross-claim between the defendants in order to permit an appeal on a judgment in favor of a co-defendant. In 5 C.J.S. Appeal and Error § 1497(f) it is stated: “Unless he has been injured or prejudiced thereby, an appellant or plaintiff in error may not assign error on rulings favorable to his coparty.” In 4 C.J.S. Appeal and Error § 173 it is stated a party aggrieved by a decision in favor of his co-parties may, in a proper case, seek review thereof. The proper case being where the decision in favor of his co-parties prejudices the party in the recovery of a claim against his coparties. See Reid et al. v. Monticello et al., La.1948, 33 So.2d 760. The Supreme Court of Florida, in Jackson v. Florida Weathermakers, Inc., Fla.1951, 55 So.2d 575, recognized the general principle that one co-defendant may not appeal a favorable judgment for another co-de *21 fendant, and that the mere pendency of cross-claims among the co-defendants would not, in and of itself, constitute an exception to the general rule.
In this instance, the file is completely devoid of any information to show that the judgments rendered in favor of Fontainebleau Hotel Corp. against the original plaintiffs in any way adjudicated or prejudiced the right of Otis Elevator Company on its cross-claims against Fontainebleau Hotel Corp. Thus, without such a showing, it is necessary to dismiss those portions of the appeals from the orders granting summary judgments in favor of Fontainebleau Hotel Corp. against the original plaintiffs.
It is so ordered.