PER CURIAM.
This is an appeal by the plaintiffs from an order granting a new trial to the defendant in a personal injury action.
The minor plaintiff was injured when struck by the defendant’s vehicle while crossing a street at an intersection. There was a conflict of testimony as to the spot where the defendant struck the minor plaintiff; the color of the traffic signal facing the defendant; whether the minor defendant was running or walking at the time he was hit; whether the defendant was in such a position that he saw or should have seen the minor plaintiff in sufficient time to have avoided the accident by the exercise of reasonable care. A jury question was clearly presented and the jury found in favor of the plaintiffs, awarding the minor plaintiff $10,000 and his father, $1,100.
*118 The defendant filed a motion for a new trial and the trial judge granted defendant’s motion on the ground that the “verdict is so contrary to the manifest weight and probative force of the evidence and the justice of the cause as to demonstrate that the - jury decided the case either on bias, prejudice, sympathy, passion, or mistake * * * ”. The trial judge further found that the jury must have ignored the court’s instructions or misconstrued the significance of a directed verdict in favor of a co-defendant (not a party to this appeal).
We have carefully reviewed the testimony and have concluded that there is a clear showing that the trial judge abused his discretion in ordering a new trial. We are mindful of the broad discretion vested in a trial judge in ruling on a motion for a new trial and the strong burden placed upon the appellant who seeks reversal of an order granting a new trial. Cloud v. Fallis, Fla.1959, 110 So.2d 669. We, nevertheless, feel compelled to reverse the trial judge in this instance. Not only is there substantial competent evidence to support the jury verdict but we find no indication of any circumstance or occurrences from which the trial judge could properly conclude that the verdict was so contrary to the manifest weight of the evidence that it must have been the product of sympathy, prejudice or misconstruction.
Accordingly, the order granting a new trial is reversed and the judgment entered pursuant to the jury verdict is reinstated.
Reversed.