RAWLS, Justice.
This is the second appearance of the instant cause in this court. On the prior appearance in an original proceeding in *671 prohibition, we remanded the cause for trial in the Circuit Court of Duval County.[1]
Upon trial of this action on a promissory note, plaintiff Felix Glickstein at the close of all the evidence moved for a directed verdict on the ground that defendant had failed to prove his affirmative defense of accord and satisfaction since the satisfaction was executory. The trial judge reserved his ruling on the motion and submitted the case to the jury which returned a verdict for defendant Sam Rosenfeld. Pursuant to the plaintiff’s motion to set aside judgment and have judgment entered in accordance with his motion for a directed verdict, the trial judge under Florida Rules of Civil Procedure, Rule 2.7, 31 F.S.A., entered judgment for plaintiff Glickstein and Rosenfeld appealed.
This controversy arose out of a business relationship. Sam Rosenfeld on May 31, 1960, purchased from his close friend I. D. (Ducky) Glickstein, the latter’s forty per cent interest in Visual Publicity, Inc. which owned and operated three S electro-slide advertising machines in Jacksonville, Florida. In payment for this interest Ro-senfeld gave his friend Ducky a promissory note for $2,000 payable in sixty days. Ducky for consideration assigned the note to his brother, Dr. Felix Glickstein, who discounted same at his bank. When the note became due, Felix Glickstein paid it and gave it back to his brother for collection. Ducky filed suit on the note on August 8, 1960. After answer was filed, his attorney, Joe Glickstein, persuaded the parties to negotiate a settlement and the suit was later dismissed without prejudice.
The instant suit was subsequently entered by plaintiff Felix Glickstein against defendant Sam Rosenfeld on said promissory note. According to Sam Rosenfeld who had acquired all the stock in Visual Publicity, an accord and satisfaction had been reached resulting in the prior dismissal of the suit on the note filed by Ducky. Rosenfeld’s version of the agreement was that he fully performed the terms thereof by returning the three machines to Ducky and sending a $500.00 check to attorney Joe Glickstein. Rosenfeld testified that Joe Glickstein returned the uncashed check some two or three weeks after the settlement, and that the machines continued to remain in the possession of Ducky who made no offer to return same. According to Ducky, Rosenfeld agreed to return one machine and pay Joe Glickstein $500.00, and in addition Arthur Hammel (whose wife had owned forty per cent of Visual Publicity) agreed to pay Ducky $1,000, all of which constituted the total agreement. Ducky further maintains that Rosenfeld did not perform the agreement, that even though the machines were delivered to the Lobster House (Ducky’s place of business) such was for the convenience of Hammel who was to pick them up later, and that he (Ducky) did not retain the machines as part of the satisfaction.
Thus, the jury was confronted with two clearcut versions of a business agreement between these parties. The plaintiffs version was that Rosenfeld had not lived up to his agreement and that plaintiff had not retained any part of the fruits of the proposed settlement. Defendant’s version was that he had lived up to their agreement to settle this dispute, that he gave up valuable property by delivering the three Selectro-slide machines to Ducky who was the agent of the owner of the note, Dr. Felix Glick-stein, and that Ducky retained possession of these machines and has not at this date offered to return this major portion of the satisfaction.
As to the return of the $500.00 check, defendant contends that plaintiff cannot return a minor portion of the satisfaction and then claim that an accord and satisfaction was never reached because same was executory. We agree with defendant’s contention.
Plaintiff contends and the trial court agreed with him that the transactions oc *672 curring between these parties presented an executory agreement for accord and satisfaction. It is interesting to note here that the trial judge charged the jury that “accord and satisfaction is an executed agreement whereby one of the parties undertakes to give and the other to accept in satisfaction of a claim * * * something other or different from what he is or •considers himself entitled to * * * not •only must it be shown that the debtor .gave the amount (or property) in satisfaction, but that it was accepted by the creditor as such * * *. Partial delivery (sic) of the new agreement is insufficient to con[1] •stitute an accord and satisfaction * * * I charge you, gentlemen of the jury, as •a matter of law, that you cannot apportion the verdict in this case. You must find either for the plaintiff or defendant. The suit is upon a note brought for a fixed sum * * *»
Thus, the underlying question on appeal is: May a plaintiff retain a major portion of the proceeds of an accord and satisfaction, return a minor portion of the consideration some two or three weeks •after receipt and then contend that the accord and satisfaction was executory and, therefore, not binding upon the plaintiff? We do not so hold. In the instant cause a question of fact which was within the exclusive province of the jury was presented at the trial, that being which version of the attempted settlement transaction was correct. Obviously the jury by its verdict believed the defendant’s version of this transaction and found that the defendant had met his responsibilities under the agreement for an accord and satisfaction. It was not within the province of the trial court to substitute its judgment for that of the jury and subsequently to set aside the jury verdict. The rule, that an accord partially performed does not constitute a settlement, is not applicable where the complaining party unilaterally attempted to return a portion of the consideration two or three weeks after agreement had been reached but did not see fit to tender a return of the entire consideration.
This cause is reversed with directions that judgment be entered for defendant on the jury’s verdict.
STURGIS, C. J., and WIGGINTON, J., concur.

. State of Florida ex rel. Sam Rosenfeld v. Boyer, 145 So.2d 547 (Fla.App.1st 1962).