162 So.2d 700 (1964)
Adele NUTT, Appellant,
v.
JAMES CITY, INC., a corporation, Giffin Industries, Inc., a corporation, Miami Super Cold Co., Inc., a corporation, and Kirbytuttle Co., a corporation, Appellees.
MIAMI SUPER COLD CO., Inc., a corporation, Appellant,
v.
Adele NUTT, James City, Inc., a corporation, and Giffin Industries, Inc., a corporation, Appellees.
Nos. 63-257, 63-481.
District Court of Appeal of Florida. Third District.
March 10, 1964.
Rehearing Denied April 21, 1964.
Nichols, Gaither, Beckham, Colson & Spence and Alan R. Schwartz, Miami, for Adele Nutt.
Raphael K. Yunes, Miami Beach, for Giffin Industries.
Curry & Shamas, Miami, for Miami Super Cold Co.
Dean Adams & Fischer, Miami, for James City, Inc.
*701 Before CARROLL, HORTON and HENDRY, JJ.
HENDRY, Judge.
We have two appeals which have been consolidated. We shall consider both of them together and deal with both of them in this opinion.
Mrs. Adele Nutt suffered physical injuries when an air conditioning duct fell upon her on February 22, 1960 while she was shopping in the James City Super Market in Miami, Florida.
The air conditioning duct in question was installed in 1954 for James City, Inc., by Giffin Industries as sub-contractor for Miami Super Cold Co., Inc. In 1959, certain alterations were made to the air conditioning equipment by Miami Super Cold.
Mrs. Nutt sued James City, Inc., the owner of the building and air conditioning duct, Miami Super Cold, Inc., the air conditioning general contractor, and Giffin Industries, the sub-contractor that actually installed the duct.
The Circuit Court granted the defendant-sub-contractor's motion to dismiss the plaintiff's complaint as to it. Thereafter, the defendant-contractor filed its answer and cross-claimed against the sub-contractor. This cross-claim was dismissed by the trial court. Miami Super Cold appeals that ruling.
The case proceeded to trial, and at the end of the plaintiff's case as to liability, the trial court directed a verdict in favor of the defendant, James City. Thereafter the jury returned a verdict against Miami Super Cold in favor of plaintiff. This verdict is not before us, but Mrs. Nutt and Miami Super Cold both appeal the judgment based on the directed verdict in favor of James City.
The trial court's orders directing a verdict in favor of James City and dismissing Miami Super Cold's cross-claim are affirmed.
Appellant, Nutt, raises two points on appeal. It is contended, (1) that the trial court erred in refusing to apply the doctrine of res ipsa loquitur in regard to James City, and (2) in directing a verdict where there was specific proof of James City's negligence, in that, it failed to make a proper inspection of its premises.
The evidence adduced during the plaintiff's case showed that the air conditioning duct was installed originally in 1954 and was altered somewhat in 1959. In December, 1959, approximately 2 months prior to the accident, James City had the duct painted, and the painter testified that the duct was steady. The expert testimony adduced that the air conditioning duct fell as a result of screws that were too short, in that they grasped just the plaster and not the wooden beam, as required, in order to make the duct installation permanent.
Assuming arguendo, that the doctrine of res ipsa loquitur is applicable to the instant situation, the trial court correctly held that the evidence adduced rebutted any possible inference of negligence on the part of James City. The record does not indicate whether the painter was an employee of James City, or its independent contractor, but giving appellant every inference in her favor and assuming the painter was an employee of James City, the painter's testimony clearly rebuts any inference of negligence as to James City. The painter's testimony, similarly, overcomes appellant's second contention that there was affirmative evidence of James City's failure to inspect.
Two months prior to the accident the painter tested the air conditioning duct and found it in sound condition. Although the painter testified that he was not instructed to inspect the duct, his actions clearly amounted to such activity. Appellant's counsel used the word inspect in a legal sense, but the testimony adduced constituted activity that resulted in an "inspection". Appellant may call the painter's activity anything she desires, but it still amounts to an inspection.
*702 The uncontradicted testimony of the painter clearly reveals that just a short time prior to the accident the air conditioning duct was in good condition insofar as a layman could determine. The owner had no reason to believe, and plaintiff introduced no evidence to show, that the air conditioning duct needed repair or closer inspection than it received just a short time prior to the accident. The owner of the premises could not have been reasonably expected to perform any other act to assure the safety of the plaintiff.[1] The testimony clearly indicated that the negligence involved herein was not as a result of any action or inaction on the part of James City.
There was further testimony by plaintiff's expert that the air conditioning duct fell as a result of improper installation. This being the negligent act which resulted in appellant's injury, the owner of the building can not be charged with it when there is no showing whatsoever that he should have had reason to believe that it was negligently installed or in an unsafe condition. In fact, all of the evidence points to a belief that the duct was safe. It had been hanging in the same place for 6 years prior to accident, and two months prior to the injury the duct was painted and found by the painter to feel secure and "up on the wall satisfactory". There was no evidence which could have been submitted to a jury on the question of appellee-James City's negligence, and assuming an inference of negligence by virtue of the doctrine of res ipsa, this inference is dissolved by the uncontradicted testimony of the painter.
Miami Super Cold's contention that the court committed error in directing a verdict in James City's favor is without merit. A co-defendant can not complain of a verdict rendered in favor of another co-defendant.[2]
The trial court was not in error in dismissing the defendant-Miami Super Cold's cross-claim against defendant-Giffin Industries.
The trial court granted Giffin's motion to dismiss with prejudice, thereby constituting a final adjudication; no appeal having been taken such dismissal became binding upon the parties.[3]
Accordingly, we affirm the judgments appealed.
Affirmed.
NOTES
[1] Hickory House v. Brown, Fla. 1955, 77 So.2d 249 and cases cited therein.
[2] Jackson v. Florida Weathermakers, Fla. 1951, 55 So.2d 575; Crenshaw Bros. Produce Co. v. Harper, 142 Fla. 27, 194 So. 353.
[3] Jackson v. Florida Weathermakers, supra.