PER CURIAM.
This appeal arises out of a three-vehicle accident, in which the appellant [one of the defendants in the trial court] appeals and assigns as error the direction of a verdict against him as to liability, and the direction of a verdict in favor of the co-defendants, the appellees, Edgar Scip-pio and R. H. Wright, Inc. Following the directions of the verdicts, the cause was submitted to the jury as to damages, and the jury returned a verdict in favor •of the plaintiff, the appellee William B. Lowe.
From an examination of the record, no error has been made to appear in the direction of the verdict on liability, this being a rear-end collision. See: Vasquez v. Stark, Fla.App.1963, 155 So.2d 905. Neither has error been made to appear by the appellant in the direction of the verdict in favor of his co-defendants, Wright, Inc., and Scippio, in that it is apparent that Scippio [as the driver of the first vehicle] did not come to a sudden or unexpected stop and it appears that the second vehicle [in which the plaintiff was riding] was able to come to a stop without hitting the first, when the vehicle driven by the appellant crashed into the second vehicle and drove it into the first. A co-defendant has no right to raise the question of a directed verdict in favor of another co-defendant. See: Jackson v. Florida Weathermakers, Fla.1951, 55 So. 2d 575; Otis Elevator Company v. Fontainebleau Hotel Corp., Fla.App.1962, 137 So.2d 19; Nutt v. James City, Inc., Fla. App.1964, 162 So.2d 700, opinion filed March 10, 1964. However, the plaintiff has cross-assigned error in the direction of this verdict and we have reviewed this action on the part of the trial judge, under this cross-assignment of error, and find no error.
Affirmed.