179 So.2d 624 (1965)
Harold Stuyvesant MANSELL, a minor, by his father and next friend, Paul L. Mansell, Jr., Paul L. Mansell, Jr., and Eleanor A. Mansell, individually, Appellants,
v.
Frank D. EIDGE, Appellee.
Frank D. EIDGE, Appellant,
v.
Harold Stuyvesant MANSELL, a minor, by his father and next friend, Paul A. Mansell, Jr., Paul A. Mansell, individually, and Southern Bell Telephone & Telegraph Company, a New York corporation, Appellees.
Nos. 65-1, 64-1078.
District Court of Appeal of Florida. Third District.
November 2, 1965.
Rehearing Denied November 29, 1965.
*625 Wicker, Smith, Blomqvist, Hinckley & Davant and Leland E. Stansell, Miami, for the Mansells.
Walton, Lantaff, Schroeder, Atkins, Carson & Wahl and Edward J. Atkins, Miami, for Southern Bell.
Sams, Anderson, Alper & Spencer, and Sam Daniels, Miami, for Eidge.
Before HENDRY, C.J., and BARKDULL and SWANN, JJ.
BARKDULL, Judge.
By these consolidated appeals, review is sought of two orders granting new trials.
It appears from the record that the appellant, Eidge, while proceeding south on U.S. 1 in the Florida Keys, came over a bridge or viaduct with a rise or "hump" in the middle thereof, and was caused to bring his automobile to a stop because the Southern Bell Telephone & Telegraph Company was installing telephone cable in the area. Its equipment completely blocked the southbound lane of traffic and was on the southern half of the bridge. After Eidge had come to a complete stop, he was struck in the rear by an automobile operated by the Mansells' driver, which automobile was travelling in the same direction as Eidge within the speed limit, with the vehicle under control. Mansells' driver testified that because of the rise or "hump" in the bridge, he was unable to see the obstruction caused by Southern Bell or the Eidge car in time to prevent the collision, although he did apply his brakes. Southern Bell had certain *626 warning signs on the northern approach to the bridge on the right-hand shoulder which indicated "men working". There was also other equipment of Southern Bell to the right of the bridge in the immediate vicinity of the "men working" signs, and the driver of the Mansell car testified that he observed a Southern Bell lineman on a pole adjacent to the bridge on the right. There was one flagman, employed by Southern Bell, at the scene who had stopped Eidge's car and who, at the moment of impact, was in the process of controlling traffic in the northbound lane, which was the only means of passing the obstruction caused by Southern Bell. Upon Eidge being struck in the rear by the Mansell car, he was driven into the northbound lane and struck by a second automobile which was travelling in the northbound direction, and Eidge's next recollection was some five days later when he awakened in the hospital.
Certain of this evidence was susceptible to different inferences in the trial court, but at this stage of the proceedings the jury verdict is entitled to all reasonable inferences to be drawn from the evidence and the presumption is in favor of its correctness. See: Busbee v. Quarrier, Fla. App. 1965, 172 So.2d 17; Goodis v. Finkelstein, Fla.App. 1965, 174 So.2d 600. Prior to the case being submitted to the jury, the trial judge instructed them that they must return a verdict in favor of Frank D. Eidge in the following language:
* * * * * *
"I have determined as a matter of law that the plaintiff Frank D. Eidge is entitled to recover damages and you are instructed to return a verdict in his favor. It is your duty now to determine which of the defendants was negligent or whether both defendants were negligent. In other words, the only questions before you now are the amount of damages to which Mr. Eidge is entitled and whether one or both defendants were guilty of negligence which was a proximate cause of his injuries."
* * * * * *
Thereafter, the jury returned the verdict exonerating the Mansells from liability and holding Southern Bell responsible to the plaintiff Frank D. Eidge. Subsequently, upon a motion for new trial by Southern Bell Telephone & Telegraph Company, the trial court granted same upon the following ground:
* * * * * *
"* * * that the verdict is contrary to the law and contrary to the manifest weight of the evidence."
* * * * * *
And, on its own motion, the trial court granted a new trial in favor of Frank D. Eidge on the verdict exonerating the Mansells in the following language:
* * * * * *
"The Court is of the opinion that the verdict of the jury in favor of the defendants Harold Stuyvesant Mansell, a minor, by his father and next friend, Paul L. Mansell, Jr., and Paul L. Mansell, Jr. and Eleanor A. Mansell, individually, is also contrary to the law and the manifest weight of the evidence * * *."
* * * * * *
Frank D. Eidge has taken an appeal from the order granting a new trial to Southern Bell Telephone & Telegraph Company in Case No. 65-1. The Mansells have taken an appeal from the order granting a new trial to Eidge from the verdict exonerating them in Case No. 64-1078. The causes were consolidated for all appeal purposes.
We find error in the rulings of the trial court and reverse both orders granting new trials and reestablish the verdicts of the juries. It is with a great deal of reluctance that any appellate court interferes with a trial judge's order granting a new trial. See: Lyons v. Grappo, Fla. App. 1959, 112 So.2d 46; Cobb v. Brew, *627 Fla.App. 1963, 155 So.2d 814. However, when the record contains evidence which will support the verdict and there is no prejudice or mistake involved which would invalidate same, an appellate court will reverse an order granting new trial. See: McAllister Hotel, Inc. v. Porte, Fla. 1960, 123 So.2d 339; Jacksonville Expressway Authority v. Bennett, Fla.App. 1960, 124 So.2d 307; Sandford v. Firestone Tire & Rubber Company, Fla.App. 1962, 139 So.2d 916; Bailey v. Sympson, Fla.App. 1963, 148 So.2d 729; Cobb v. Brew, supra; Gibson v. Frierson, Fla.App. 1963, 159 So.2d 117; Rosenfeld v. Glickstein, Fla.App. 1964, 159 So.2d 670; Dupree v. Pitts, Fla.App. 1964, 159 So.2d 904; General Hospital of Greater Miami, Inc. v. Gager, Fla.App. 1964, 160 So.2d 749; Park v. Belford Trucking Co., Fla.App. 1964, 165 So.2d 819; Beason v. Evans, Fla.App. 1965, 173 So.2d 516.
The action of the trial judge in the instant case amounts to abuse of judicial discretion, viewed in light of the evidence before the jury upon which its verdict was reached. It is incumbent upon an appellate court to reestablish the jury's verdict if it appears that the trial judge, in fact, did abuse his discretion in setting aside the verdict. See: Bailey v. Sympson, supra; Gibson v. Frierson, supra.
As to the propriety of the verdict adverse to Southern Bell Telephone & Telegraph Company, there was sufficient evidence [if believed by the jury, which apparently they did from the verdict] that the company violated its duty owed to motorists, as it obstructed the road way. In this connection, see the following: H.E. Wolfe Construction Co. v. Ellison, 127 Fla. 808, 174 So. 594; Smith Engineering & Construction Co. v. Cohn, Fla. 1957, 94 So.2d 826; M.J. Carroll Contracting Company v. Pine, Fla.App. 1958, 103 So.2d 685; Holland Paving Co. v. Dann, Fla.App. 1964, 169 So.2d 849. The trial judge felt there was sufficient evidence to submit the matter to the jury in the first instance, and we find it error to have set aside the verdict after it was returned, no finding of prejudice being involved.
In setting aside the verdict in favor of the Mansells, the trial judge found it to be contrary to the manifest weight of the evidence. The driver of the Mansell automobile, which rear-ended an automobile stopped ahead of him, gave a reasonable explanation of his actions and it was within the province of the jury to exonerate Mansells' driver from any liability. See: Stark v. Vasquez, Fla. 1964, 168 So.2d 140.[1]
Under the above set forth authority of the Supreme Court of Florida, it is within the province of a jury to resolve the reasonableness of an explanation given by a driver of one automobile which strikes another in the rear. The jury in the instant case having done so under proper instructions, it was error for the trial judge to set aside this verdict.
Southern Bell, both in its brief and in oral argument before the court, has concentrated its attack primarily on the jury's verdict exonerating the Mansells. This is a superfluous argument, because one defendant in a personal injury action who is held liable cannot complain of the fact that a co-defendant was exonerated. See: Jackson v. Florida Weathermakers, Inc., Fla. 1951, 55 So.2d 575; Otis Elevator Company v. Fontainebleau Hotel Corp., Fla. App. 1962, 137 So.2d 19.
Therefore, for the reasons stated above, the orders granting new trials here under review, be and the same are hereby reversed with directions to the trial court to reinstate the jury verdict finding for the plaintiff Frank D. Eidge against Southern Bell Telephone & Telegraph Company and exonerating the defendants Mansells.
Reversed with directions.
NOTES
[1] It is noted that this opinion was reported in the advance sheet of November 26, 1964, subsequent to the entry of the orders granting the new trials in this matter.