PER CURIAM.
Appellant, defendant in the trial court, seeks review of an adverse final judgment subsequent to a directed verdict of liability as a result of a rear-end collision in a multiple car accident.
We conclude that the defendant’s explanation of how the accident occurred was sufficient to remove the presumption of negligence, which arose because of the nature of the accident. The issues presented by the plaintiffs’ complaint and the defendant’s answer should have been submitted to the jury, under the following authorities: Pensacola Transit Co. v. Den-ton, Fla.App.1960, 119 So.2d 296; Stark v. Vasquez, Fla.1964, 168 So.2d 140, 141; Guile v. Boggs, Fla.1965, 174 So.2d 26; *14 Baker v. Deeks, Fla.App.1965, 176 So.2d 108.
Therefore, for the reasons above stated, the verdict in favor of the appellees and against the appellant be and the same is hereby reversed, and the matter returned to the trial court for a new trial on all the issues made by the pleadings between these parties.[1]
Reversed and remanded, with directions.

. Originally, there were co-defendants in the consolidated cases below. These defendants were released by directed verdict in the trial court. No appeal from this directed verdict was taken by the plaintiffs in the trial court. Appellant, as a co-defendant, attempted to urge error in this respect, but the appeal by one co-defendant against another being improper under the authority of Jackson v. Florida Weathermakers, Inc., Fla.1951, 55 So.2d 575; Otis Elevator Company v. Fontainebleau Hotel Corp., Fla.App.1962, 137 So.2d 19; Nutt v. James City, Inc., Fla.App.1964, 162 So.2d 700; Mansell v. Eidge, Fla.App.1965, 179 So.2d 624, said appeals were dismissed.