270 So.2d 743 (1972)
Peter G. WALLACE, Appellant,
v.
Mark A. RASHKOW et al., Appellees.
Nos. 72-528, 72-531 and 72-532.
District Court of Appeal of Florida, Third District.
December 19, 1972.
Rehearing Denied January 17, 1973.
Fowler, White, Humkey, Burnett, Hurley & Banick, Miami, for appellant.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings and B. Hume Morris, II, Preddy, Haddad, Kutner & Hardy, Miami, Papy, Levy, Carruthers & Poole, Coral Gables, for appellees.
Before PEARSON and HENDRY, JJ., and WARD, C. LAVON, Associate Judge.
WARD, C. LAVON, Associate Judge.
Appellant, plaintiff in the trial court, seeks review of three adverse final judgments entered by the trial court pursuant to a jury verdict in a negligence action.
The facts of the instant case arose out of a four-car rear-end accident, which occurred in the early afternoon of January 25, 1970, on Interstate 95 near the 103rd Street interchange in Miami, Florida. The first vehicle, driven by the appellee, Finkle, allegedly had motor trouble and coasted to a stop. The second vehicle, driven by the *744 appellant, Wallace, and whose wife was a passenger, allegedly stopped prior to striking the first vehicle. The appellant's vehicle was then allegedly struck by two vehicles being driven by the appellees, Rashkow and Friedman. As a result of injuries incurred in this accident, the appellant brought a suit on his own behalf and for a derivative claim resulting from injuries sustained by his wife. The wife also sued on her own behalf. The cause went to a jury trial. There was conflicting evidence as to whether the appellant's vehicle was struck and pushed into the Finkle vehicle or whether he struck the Finkle vehicle first and then was struck by the other two vehicles. One of the witnesses called by the appellant, a Mr. Rutherford, testified he witnessed the accident from his yard adjacent to the expressway and that the appellant's vehicle was stopped or almost stopped 20 to 30 feet behind the Finkle vehicle when it was struck by the other two cars. On cross-examination, this witness' testimony was impeached by a prior inconsistent written statement, wherein he stated the appellant's vehicle struck the Finkle vehicle first. This statement was admitted in evidence over appellant's objection, without an instruction to the jury as to its limited purpose. The appellant's motion for directed verdicts against the appellees, Rashkow and Friedman, were denied and the cause went to the jury which returned a verdict in favor of Mrs. Wallace against all the appellees and against the appellant as to all the appellees. The appellant has taken these consolidated appeals from the judgments entered pursuant to a jury's verdicts.
The first question raised on appeal is whether the trial court erred in refusing to instruct the jury as to the limited purpose of the witness' extrajudicial statement, thereby permitting the jury to consider said statement as substantive evidence to the prejudice of the appellant.
Although there has been considerable comment and criticism of the rule governing extrajudicial statements made by a witness who is not a party, the law as cited in 133 A.L.R. 1455 is as follows:
"The general rule is almost universally recognized that evidence of extrajudicial statements made by a witness who is not a party and whose declarations are not binding as admissions is admissible only to impeach or discredit the witness, and is not competent as substantive evidence of the facts to which such statements relate."
This rule has been under attack for some time. Professors Wigmore and McCormick are unanimous in their opposition. See 3 Wigmore Evidence 3rd Ed., Sec. 1018(b) and McCormick on Evidence, Sec. 39, page 73. It is generally recognized, in other jurisdictions, that the literal enforcement of the rule places a great obstacle in the way of effective cross-examination. Chicago, St. Paul, Minneapolis and Omaha Railway Co. v. Delmar E. Kulp, 102 F.2d 352 (CCA 8th); United States v. Miles, 413 F.2d 34 (CCA 3rd 1969); State of California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489; Jett v. Commonwealth, Ky., 436 S.W.2d 788.
It appears that Florida courts have not ruled on the subject since 1911. In the case of Tomlinson v. Peninsular Naval Stores Co., 61 Fla. 453, 55 So. 548, the Supreme Court made the following statement:
"Prior inconsistent statements may affect credibility, but they are not evidence to prove a fact not otherwise shown."
The Tomlinson case involved an action for commissions by a real estate agent. The opinion consists of three short paragraphs, the last of which is the above-quoted statement. While the case is by no means illuminating on the legal issue involved, it appears to assert certain qualifying language to the general rule. That language is the last three words of the quoted phrase, to-wit: "not otherwise shown". In the decisions cited by the appellant, each involve a prior extrajudicial *745 statement which is the only (court's emphasis) evidence contrary to that offered by the appealing party. In this case, there is considerable testimony of the witnesses and parties, exclusive of the extrajudicial statement, upon which the jury could find that Wallace was contributorily negligent. In other words, the extrajudicial statement in this case would appear to be admissible under the qualifying language of the Tomlinson decision.
The appellant states that the lower court should have given the jury an instruction not to consider the prior statement as substantive evidence on the main issue, but solely as bearing on the credibility of the witness. As noted in the previous A.L.R. annotation such an instruction is mere verbal ritual. It is doubtful that most jurors would understand it, let alone attempt to follow it. In this case, the manner in which the verdicts were rendered shows that the jury gave every consideration to the respective parties' positions. They allowed the appellant's wife to recover $60,000.00 since she was an innocent bystander. In turn, they found the appellant contributorily negligent and denied his claim.
In conclusion, to disallow the use of the prior statement would be basically misguided since there was ample "substantive" first-hand testimony of like purport with the impeaching statement to support appellees' position that the appellant was at fault, too.
In any event, Rutherford's extrajudicial statement was, at most, harmless error. The test to be applied by the appellate court in determining whether prejudicial error has been committed is whether, but for the error complained of, a different result would have been reached at the trial. Cornelius v. State, Fla. 1950, 49 So.2d 332, Eggers v. Phillips Hardware Co., Fla. 1956, 88 So.2d 507. This requires considering the error in light of the entire transcript to determine if a miscarriage of justice has occurred. Williams v. State, Fla.App. 1970, 233 So.2d 428, Fla. Stat. § 59.041, F.S.A., harmless error; effect.
The second point raised on appeal is also answered in the negative. The trial court did not err in denying appellant's motion for directed verdict. This was a question of fact properly decided by the jury. Pensacola Transit Co. v. Denton, Fla.App. 1960, 119 So.2d 296. Stark v. Vasquez, Fla. 1964, 168 So.2d 140. Keyser v. Brunette, Fla.App. 1966, 188 So.2d 840. O'Brien v. Francis, Fla.App. 1970, 231 So.2d 13.
Affirmed.