# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-CA-00435-SCT

*JAMES RANDALL AUSTIN*

*v.*

*JOHN L. PADGETT, ALAN L. PADGETT AND TAXPRO, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/08/94 |
| TRIAL JUDGE: | HON. JAMES E. GRAVES, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MARK C. CARLSON |
| ATTORNEYS FOR APPELLEES: | PAUL M. NEVILLE |
| | BARRY H. POWELL |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 8/15/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/5/96 |

**BEFORE PRATHER, P.J., ROBERTS AND SMITH, JJ.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT:**

## I. INTRODUCTION

¶1. The present case calls for this Court to review the granting of a summary judgment motion in favor of a defendant corporation with regard to its affirmative defense of accord and satisfaction. This Court concludes that the relevant facts of the case, which are not in dispute, do not give rise to a finding of an accord and satisfaction as such is defined under the law of this State. This Court accordingly reverses with regard to the affirmative defense and remands for a trial on the remaining issues.

## II. STATEMENT OF THE CASE

¶2. In October, 1984, John and Alan Padgett purchased the business assets of Econotax, Inc. from the family of Wanda Austin, executing a promissory note in the principal amount of $141,324 as part of the purchase price. In September, 1986, the Padgetts in turn sold said business interests to Taxpro, Inc., the terms of which sale required Taxpro to assume the outstanding balance of the 1984 note. In May, 1992, James R. Austin inherited the rights to payment under the 1984 note as the sole residuary beneficiary of the estate of Wanda Austin.

¶3. At the time of the inheritance, a dispute had arisen between Taxpro and the estate as to the proper amount owed under the note. The parties were unable to agree on the proper amount, and Austin continued to negotiate through telephone conversations and letters with James T. Marsh, president of Taxpro. In the course of said negotiations, Marsh made a written settlement offer to Austin which provided in part that:

> I have enclosed a promissory note for $70,000 and our check for $8,000. The check enclosed and the two checks for $1,000 which you have previously received would constitute the $10,000 down payment. If this note is acceptable, please cash the three checks and return a signed copy of the note to us.

The promissory note in question provided that:

> Holder by acceptance of this Note agrees that so long as no payment of principal or interest under this Note is in default, no default of that certain promissory note dated October 17, 1984, made by John L. Padgett and Alan L. Padgett shall be deemed in default; and when all payments under this note are completed, the note dated October 17, 1984, shall be deemed paid in full.

¶4. On May 11, 1992, Austin deposited the checks in an account in his and his wife's name, but he did not withdraw or otherwise dispose of the funds in said account. Taxpro tendered the first payment due under the settlement note (which had been delivered to Austin) on October 9, 1992, but Austin refused to accept said payment. On October 14, 1992, Austin brought suit against the Padgetts for breach of the original note, and the Padgetts in turn sued Taxpro based on its assumption of the note. The trial judge granted summary judgment in favor of Taxpro and the Padgetts after finding that Austin had executed an effective accord and satisfaction by cashing the checks and retaining the note in question. Austin timely appealed from the summary judgment ruling of the trial judge.

### III. ANALYSIS OF THE LAW

#### A. DID THE TRIAL COURT ERR IN GRANTING SUMMARY JUDGMENT ON THE AFFIRMATIVE DEFENSE OF ACCORD AND SATISFACTION WHERE THE MOVANT DID NOT SHOW PROOF OR EVEN ALLEGE THAT ALL TERMS OF THE ACCORD THAT IT OFFERED TO THE PLAINTIFF WERE ACCEPTED?

¶5. There are four elements of a valid accord and satisfaction under Mississippi law, which elements are:

1. Something of value offered in full satisfaction of demand;

2. Accompanied by acts and declaration as amount to a condition that if the thing offered is accepted, it is accepted in satisfaction;

3. The party offering the thing of value is bound to understand that if he takes it, he takes subject to such conditions; and

4. The party actually does accept the item.

*Lovorn v. Iron Woods Products Corp.*, 362 So. 2d 196, 197 (Miss. 1976). The trial judge ruled that the cashing of the checks and the retention of the note by Austin constituted an accord and satisfaction and entered summary judgment in favor of Taxpro, from which ruling Austin has appealed.

¶6. This Court reviews *de novo* the record on appeal from a grant of a motion for summary judgment. In **Brown v. Credit Center, Inc.** 444 So. 2d 358 (Miss. 1983), this Court interpreted Rule 56 of the Mississippi Rules of Civil Procedure and the standards that a trial court should consider in a motion for summary judgment. This Court held that:

> The trial court must review carefully all the evidentiary matters before it -- admissions in pleadings, answers to interrogatories, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If in this view the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise the motion should be denied.

*Id.* at 362. This Court concludes that the material facts of the present case are not in dispute as they relate to the issue of accord and satisfaction, but it is nevertheless clear that the judge was in error as a matter of law in finding that the depositing of the checks by Austin constituted an effective accord and satisfaction.

¶7. After reviewing the record and applicable law, it is clear that the requirements of a valid accord and satisfaction were not met in the present case. In order to constitute an effective accord and satisfaction, that which is accepted must have been accepted in *full satisfaction* of the demand in question. In the present case, Austin deposited the checks in question, but the $10,000 total amount of the checks was only offered as *partial* satisfaction of the demand, and constituted only a rather small portion of the overall settlement. Taxpro clearly indicated that Austin should indicate acceptance of the settlement offer by cashing the checks in question *and* by signing and returning a copy of the note for the remaining $70,000 balance.

¶8. The cashing of the checks by Austin did not constitute an effective accord and satisfaction, given that Austin failed to return a signed copy of the settlement promissory note as required under the offer or to accept any portion of the $70,000 offered under the settlement note. It is noted in 1 **Am. Jur. 2d** *Accord and Satisfaction* § 18 that a "creditor's retention of a check may not support an accord and satisfaction where the debtor fails to unambiguously condition the tendered check as payment in full of the underlying obligation." *See also*: **Angle v. USF&G**, 20 Cal. Rptr. 391 (2nd Dist. 1962). In the present case, Taxpro not only failed to unambiguously condition the checks as full payment, but also unambiguously indicated that the cashing of the checks constituted only a partial acceptance of the new settlement offer. Under these facts, it is clear that an accord and satisfaction was not reached between the parties.

¶9. In making his ruling, the trial judge indicated that, in his view, Austin had in fact accepted the terms of the settlement offer with regard to the $70,000 settlement note. The trial judge noted in his summary judgment ruling that:

> Austin cashed the three checks and retained the Taxpro note but did not return a signed copy of the note to Taxpro. The Court finds that by cashing the Taxpro checks and retaining the Taxpro

note, Austin has accepted the terms of the accord and satisfaction offered by Taxpro and, therefore, the Defendants and the Third-Party Defendant are entitled to summary judgment on their affirmative defense of accord and satisfaction.

This Court concludes that the trial judge was in error as a matter of law in ruling that Austin accepted the terms of the accord offered by Taxpro by retaining the note. Taxpro's offer clearly indicated that acceptance of the accord should be indicated in part by returning a signed copy of the note, not by merely retaining it unsigned as Austin elected to do. The record is also clear that Austin refused payments under the note and thus did not attempt to retain any of the benefits of the $70,000 note.

¶10. Given that Austin did not accept any payments under the note and failed to return a signed copy thereof, it is clear that the mere retention of the note was insufficient to create a valid accord and satisfaction. In fact, given the terms of the offer, Austin could have validly felt that retaining the note was necessary in order to avoid a finding of an accord and satisfaction, given that the offer stated that an accord could be reached in part by returning the note to Taxpro. Indeed, the terms of Taxpro's offer placed Austin in a bit of a "Catch 22" in this regard, given that a party often indicates rejection of a note by returning it to the offeror, in direct contrast to the terms of the present offer. At any rate, Austin's rejection of the settlement note was most clearly expressed by his refusal to accept any payments offered under said note, and the rejection of all such payments is undisputed among the parties.

¶11. In support of the summary judgment ruling, Taxpro cites cases in which this Court has held that a creditor executed a valid accord and satisfaction by cashing checks which were offered as full satisfaction of a demand. In *Lovorn*, the debtor sent the creditor a check which contained language on the back that "[e]ndorsement of this check constitutes payment in full and without recourse ... " *Lovorn*, 362 So. 2d at 197. On these facts, this Court held that the acceptance of the check constituted a valid accord and satisfaction, given that this Court found that the recipient of the check should have known that the check was offered in full satisfaction of the debt. *Lovorn* is clearly distinguishable from the present case, however, in that the checks in the present case constituted only *partial* satisfaction of the debt. Indeed, the checks retained by Austin constituted only a small percentage of the debt owed under the original promissory note by Taxpro, and this Court is thus not faced with a case in which a debtor seeks to claim a large portion of the funds without being held to have executed a valid accord and satisfaction.

¶12. Taxpro also cites the case of *May Brothers v. Doggett*, 155 Miss. 849, 124 So. 476 (Miss. 1929), for the proposition that "a creditor cannot accept a check tendered in full settlement of a sale with the mental reservation that the payment is not in full satisfaction of the claim." In the present case, however, the indication that the cashing of the checks did not constitute payment in full did not come from any "mental reservations" on the part of Austin, but rather from the express terms of the offer as set forth by Taxpro. Thus, the Mississippi cases cited by Taxpro in support of the summary judgment ruling in their favor are clearly distinguishable from the present case and provide little helpful authority for Taxpro's position.

¶13. Having established that the depositing of the checks in the present case did not create a valid accord and satisfaction, this Court notes the potential for abuse of a rule of law which permits a party to retain part of the benefits of a settlement offer without being found to have executed an accord

and satisfaction. In **Rosenfeld v. Glickstein**, 159 So. 2d 670 (Fla. Dist. Ct. App. 1964), a Florida appellate court noted the general rule that a partial performance of an accord is insufficient to discharge the original obligation but held that such rule did not apply in a case in which the creditor attempted to return a *small portion* of the settlement following the agreement and thus claimed that an accord and satisfaction had not taken place. **Rosenfeld**, 159 So. 2d at 672. The Florida court rejected the creditor's argument, finding that, under said facts, an accord and satisfaction had in fact been reached between the parties. **Id.**

**¶14. Rosenfeld** illustrates that the general rules regarding accord and satisfaction may not be applicable in certain cases in which the creditor seeks to improperly secure a windfall or otherwise does not act in good faith. This is particularly true in cases in which, as in **Rosenfeld**, it appears that the creditor is attempting to retain the benefits of a large portion of the benefits of the settlement without becoming obligated under the terms of the settlement offer. This Court leaves a ruling on the proper handling of such instances of bad faith for future cases.

¶15. In the present case, however, the actions of Austin in depositing the checks cannot be said to indicate bad faith or an attempt to improperly secure a windfall. In light of the $80,000 settlement offer rejected by Austin, there is little doubt that Taxpro will eventually be held liable for an amount in excess of the $10,000 which Austin kept in his account. Furthermore, Austin asserts that he intended to hold the funds in escrow by depositing them in his account, and said assertion is supported by the fact that he has made no efforts to withdraw or spend the $10,000 in his account. Based on this assertion, Austin would presumably be willing to release funds to Taxpro in the unlikely event that Taxpro's liability under the original promissory note were held to be less than the sum of $10,000.

¶16. This Court is not called upon to rule upon Taxpro's right to recover the $10,000 amount of the checks retained by Austin in his account, possibly because both parties anticipate that Taxpro will be found at trial to have liability under the original promissory note far in excess of this amount. Given that Austin intended to reject the settlement offer, it would have been preferable for him to have not cashed the $10,000 in checks offered by Taxpro. Nevertheless, it is clear that a valid accord and satisfaction was not reached between the parties by the cashing of said checks and the summary judgment ruling in favor of Taxpro is accordingly reversed with regard to the affirmative defense of accord and satisfaction. This case is therefore remanded for proceedings consistent with this opinion.

¶17. **REVERSED AND REMANDED.**

**LEE, C.J., SULLIVAN, P.J., PITTMAN, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR. BANKS, J., NOT PARTICIPATING.**