TAMPA DRUG COMPANY, A CORPORATION, *Plaintiff in Error,* v. ERNEST BERGER, *Defendant in Error.*

Opinion Filed November 24, 1914.

1. Where, on the trial of an action of assumpsit which had been pending for nearly three years, an application for a stay of proceedings pending a suit in equity for an accounting is made by the defendant, and no controlling cause appears why the issues cannot be determined by a jury, the trial judge commits no abuse of discretion in denying the application.

2. When a defendant's witness has substantially testified positively to certain facts, it is not reversible error to refuse the permission to the defendant to ask the witness whether he had ever heard of the existence of a claim by the plaintiff inconsistent with the facts stated by the witness.

3.  When a plaintiff is suing for an alleged balance of salary and
the issue as tried involved the question whether with a change
of his duties he had voluntarily consented to a reduction of
his original salary, and the plaintiff had testified to a change
in his duties and employment, it was error to refuse to allow
a witness for the defendant, who had testified to his famil-
iarity with the affairs and business of the defendant, to
answer a question as to the extent of extra work which the
plaintiff testified had been imposed upon him.

4.  A motion in arrest of judgment should not be granted be-
cause of an alleged defect in only one of the common counts
of the declaration when the declaration had not been attacked
by demurrer or otherwise.


Writ of error to Circuit Court for Hillsborough County;
F. M. Robles, Judge.

Judgment reversed.

*H. N. Sandler* and *McMullen & McMullen,* for Plaintiff
in Error;

*K. I. McKay,* for Defendant in Error.

HOCKER, J.—On the 6th of March, 1911, the defendant
in error brought an action of assumpsit against the plain-
tiff in error in the Circuit Court of Hillsborough County.
There was a verdict and judgment below for defendant in
error, and a writ of error by the Drug Company. Berger,
who will be called the plaintiff herein, claimed a balance
due him as salary as an officer of the company from July
1, 1908, to July 1, 1909, and an item of $170.00 advanced
by him to the company. This item was eliminated on
the trial. The declaration contained the common counts,
and the defendant company pleaded the general issue. On

the 6th of January, 1914, nearly three years after the suit was begun, the case came on for trial and the defendant company asked for a stay of proceedings, on account of the pendency of an equity suit for an accounting with Berger, and attached a copy of the bill to the application. It does not appear from the record when this equity suit was filed, but the trial judge denied the application on the ground that the defendant company's claim was barred by the statute of limitations. This ruling of the court is assigned as error. We discover no reversible error in this ruling, inasmuch as an application of this kind must rest in the sound judicial discretion of the court. Moreover, we are not persuaded by the facts set up in the bill, and which appear in the record, that it was necessary to have the account settled in a court of equity. 9 Cyc. 89-90.

The second assignment of error is based on the ruling of the trial judge refusing to allow the plaintiff in error to propound the following question to witness W. G. Allen: "Did you ever hear anything of his (Mr. Berger's) leaving a portion of his salary to the credit of the company during that year?" Mr. Allen testified at considerable length as to Mr. Berger's relations with the company. Allen was the president of the company, and a director from its organization. He testified emphatically that Berger's salary of $3600.00 per annum was by his request cut to $2000.00 per annum, and incidentally denied Berger's claim. We find no reversible error in this ruling.

The next assignment of error is based on the ruling of the trial judge in sustaining the objection of Berger's attorney to the following question propounded to Mr. Allen: "You were present this morning when Mr. Berger testified that after he was relieved of the duties of secretary and fiscal manager that he had the other duties of

Chief Chemist imposed on him. Will you state to the jury how much additional work this extra duty, if any, imposed on Mr. Berger?" Inasmuch as the issue between the parties, as developed before the jury, was whether Berger's salary had been reduced from $3600.00 to $2000.00, and Mr. Berger in his testimony had gone into the question of the character of the services which he performed, this question addressed to Mr. Allen should have been permitted, and the action of the court in refusing to allow it, is reversible error.

The next assignment presented is based on the action of the trial judge refusing a motion in arrest of judgment. This contention is based on the proposition that there is no appropriate count in the declaration to sustain the verdict, and that the count for "work and labor performed" is defective because it does not allege that the services sued for were rendered at the request of the company. There was no objection made to the declaration before trial. It contained several of the common counts, among them counts "for money had and received by the defendant for the use of the plaintiff," and a count upon an "account stated"—as well as the one which is criticised. This court has several times had occasion to apply Section 1610, General Statutes of 1906, to cases similar to this, and we hold that no reversible error is committed in overruling a motion in arrest of judgment.

For the error pointed out the judgment of the Circuit Court is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHITFIELD, J. J., concur.