Action by Camp Phosphate Company, for the Use and Benefit of R.W. Dudley, against Dan Stokes and Nora Stokes in ejectment. From a judgment for the defendants, plaintiff appeals.
Affirmed.
This is an action in ejectment. It was instituted in the lower court by the appellant as plaintiff and in that court the appellees were defendants.
The only question presented by the appellant which we consider serious and of sufficient consequence for discussion revolves around an incident which occurred in the court room after the jury had been instructed by the Circuit Judge and had returned to open court following its original retirement, at which time one of the jurors made an inquiry of the trial judge which precipitated the following colloquy:
"Mr. Juror: How did they get the deed?
"The Court: How did who get what deed?
"Mr. Juror: The deed that Mr. Dudley has.
"In answer to the juror's question, the deed from Camp Phosphate Company to R.W. Dudley was filed in evidence, and I am going to have the Clerk give it to you. You can take it to your jury room along with any of these other exhibits that are in evidence, if you think any of them would be helpful to you. The Plaintiff, Mr. Dudley, testified that he purchased the deed from Camp Phosphate Company. Does that answer your question?
"Mr. Juror: They want to know whether it was a warranty deed. Suppose you let us have the exhibits.
"The Court: Yes, give them all the exhibits."
The question presented by virtue of the foregoing incident is whether error was committed by the Circuit Judge when he failed to again instruct the jury that the record title of plaintiff was not in issue and that the only question as to title for the jury was whether or not the defendants had established a superior title by adverse possession and if such failure or omission constituted error, may the appellant make objection thereto for the first time in its motion for a new trial? *Page 341 
Counsel for appellant relies upon the case of Paul v. Florida Cities Bus Co., 146 Fla. 97, 200 So. 363. We do not find this case to be controlling, nor indeed helpful, for objections were made by both parties immediately following the questions by a juror and the answers given thereto by the Judge in the nature of additional charges.
In order to take advantage of what the appellant conceives to have been prejudicial error, whether such obliquity be one of commission or omission, the aggrieved party must have called the matter to the attention of the trial judge by at least making objection thereto at the time, in order that the trial judge could have passed upon such objection. "Usually a question not passed on by the trial court at the trial cannot afterwards be raised, for the purpose of appellate review by an objection made on a motion or argument for a new trial or rehearing." 4 C.J.S., Appeal and Error, § 246, page 498. An omission by the trial judge of a charge which should have been given to the jury cannot be made a basis for reversal on appeal unless the trial court is requested to give the omitted instruction. Howland Inc. v. Morris, 143 Fla. 189, 196 So. 472, 128 A.L.R. 1013; Adelhelm et al. v. Dougherty, 129 Fla. 680, 176 So. 775.
Common Law Rule No. 74 is not helpful to appellant because the "thing" about which he now makes complaint was not a "thing" which "was said or done after objection made and considered by the trial court", nor was there a refusal on the part of the trial judge to give any charge which had been "requested in writing".
It is our conclusion that although the failure of the trial judge to reinstruct the jury (for he had previously so instructed it) that the only question as to title for the jury to decide was whether or not the defendants had established a superior title by adverse possession instead of permitting the jury to take all of the exhibits, including the deed concerning which inquiry was made by the juror with it to the jury room, may have constituted prejudicial error, the appellant is not in a position to take advantage thereof on appeal since it failed to request in writing or at all such reinstruction or to object at the time the incident about which complaint is now made took place.
Affirmed.
ADAMS, C.J., and CHAPMAN and SEBRING, JJ., concur.