PEARSON, TILLMAN, Judge.
The defendant appeals a final judgment based on a jury verdict of $12,820 in an action brought by a tenant against its landlord for a wrongful termination of the tenant’s occupancy of premises under a lease. We affirm.
The record viewed in a light most favorable to the verdict establishes an entry without leave of the lessee and a subsequent removal of the tenant from the premises it held under the lease. The plaintiff-appellee was the assignee of a lease of a hotel coffee shop. A profitable business had been conducted there by plaintiff’s predecessor. The plaintiff purchased the going business for $12,000 and was admitted to possession without objection from the landlord.
Fourteen days later the landlord served notice that it had determined that the coffee shop was not properly maintained. The letter went on to advise that the lessor would take possession. The notice of intention to terminate the lease was served at 5:00 p. m., and at 9:00 p. m. that same evening the entry was made by the hotel manager accompanied'by several other men.
The appellant-landlord presents two points. The first urges that it was error for the court to fail to instruct the *854 jury in accordance with defendant’s requested charge as follows:
“You are instructed that under the terms of the lease involved, the Defendant had the option to terminate the lease and to re-enter upon the property if the lessee failed to keep and perform any condition, stipulation or agreement contained in the lease. Therefore, if you find that the Plaintiff, Bar-bee Foods, Inc., its predecessor in title, Eleanor Worth, or Alcazar Coffee Shop, Inc., failed to keep and perform any of the conditions, stipulations or agreements contained in the lease, then in that event, the Defendant had the right to terminate the lease and re-enter upon the property, and you should find for the Defendant. 32 Am.Jur., Landlord and Tenant, Section 849, page 722; 2 A Thompson on Real Property (19S9 Replacement), Section 1326, page 562.”
A reading of the defendant-appellant's requested charge above quoted leads to the conclusion that this instruction would have amounted to a directed verdict for the defendant because it left no issue for the jury on the question of the claimed unlawful manner of the entry. The court properly refused the instruction.
The appellant argues further under the same point that the court having denied its instruction had a duty to instruct generally on the subject since a claim of right of entry was the essential element of the defense. The rules of civil procedure require a party to request a proper instruction in order to claim error for the failure to instruct. Rule 2.6, Florida Rules of Civil Procedure, 31 F.S.A.
We have examined the entire charge and do not find that it overemphasized the position of either the plaintiff or the defendant. The charge was in general terms, and we think it was a fair presentation of the issues developed.
The second point on appeal urges that it was improper for the court to allow evidence as to profits earned by appellee’s predecessor in the business while excluding evidence of loss of profits subsequent to the termination of plaintiff’s lease. As was noted in the statement of fact, the appellee-tenant had operated the business only fourteen days when he was dispossessed. The operation of its predecessor was similar in every way and covered a period of some fifteen months. Under these circumstances, the evidence admitted was relevant and competent. See New Amsterdam Casualty Co. v. Utility Battery Mfg. Co., 122 Fla. 718, 166 So. 856, 860.
Affirmed.