168 So.2d 140 (1964)
Linda Lee STARK and Charles N. Stark, Petitioners,
v.
Mary VASQUEZ, Respondent.
No. 33069.
Supreme Court of Florida.
September 30, 1964.
Rehearing Denied November 12, 1964.
*141 Carey, Terry, Dwyer, Austin, Cole & Stephens and Edward A. Perse, Miami, for petitioners.
Nestor Morales and W.F. Esslinger, Miami, for respondent.
HOBSON, Justice (Ret.).
This case is here upon a petition for a writ of certiorari directed to the District Court of Appeal, Third District. Petitioners seek to have this Court review a decision of said District Court of Appeal upon the premise that the decision sought to be reviewed is in direct conflict on the same point of law with the decision of the District Court of Appeal, First District, in the case of Pensacola Transit Co. v. Denton, 119 So.2d 296.
In the present suit, the District Court of Appeal, Third District, reversed the trial judge for submitting to the jury for determination as a matter of fact the question whether the defendant's explanation as to how the rear end collision occurred was sufficient to rebut the presumption of negligence ordained by law in this type of accident. The District Court of Appeal, First District, in the Pensacola Transit Company case reversed the trial judge because he directed a verdict and refused to submit the same question to the jury for its determination. Petitioners take the view that if the controlling question in the Pensacola Transit Co. case was for the jury, the same question in their suit was properly submitted to the jury.
We are compelled to agree with petitioners' contention that the facts in the instant case are so similar to those in the Pensacola Transit Co. suit as to create a conflict. If the decision of the District Court of Appeal, Third District, which is challenged herein were left standing, confusion and inconsistency in the case law of this State would result. In common legal vernacular, the Pensacola Transit Co. decision, when considered in the light of the decision herein assailed, is "a red cow case."
We are unable to follow the distinction attempted to be made by the District Court of Appeal, Third District, between this case and that of Pensacola Transit Co. v. Denton.
The difference between the testimony of the bus driver in the Pensacola Transit Co. case and that of Linda Lee Stark in the subject action is inconsequential. Each, if believed by the jury, had a reasonable explanation of circumstances and conditions beyond his or her control, although each used normal precaution.
The real question presented is whether the Circuit Judge erred in submitting to the jury for its determination the query whether as a matter of fact Linda Lee Stark's explanation as to how the accident occurred was sufficient to rebut the presumption of negligence which arose because of the rear end collision.
We turn now to a discussion of the similarity of, and the slight difference in, the testimony of the defendants at the trial level in this case and in the Pensacola Transit Co. action. Both accidents were rear end collisions. Both defendants were faced at the trial with the presumption of *142 negligence which arose because of the nature of the accidents. The defendant driver in the Pensacola Transit Co. suit testified in essence that he applied his brakes normally, and they did not hold. He let up on his "brake clutch" again and reapplied his brake and "it still didn't hold." He looked for a place to go but there was a line of traffic on his left and a utility pole on his right, consequently he could not turn right or left and he hit the car directly in front of him.
Linda Lee Stark testified there "must have been something in the pavement or my wheels locked, and there was nothing that I could do. In the other lane there were cars, and to my right there was the sidewalk, so I couldn't do anything. My wheels must have locked. I don't know." (Italics supplied.) It is true that at this juncture, in answer to the question, "did you jam on your brakes at that point?" she replied, "Yes, Sir."
In the Pensacola Transit case and in the present suit the brakes on both vehicles operated by the defendants were checked immediately after each accident and in both instances were found to be in working order.
We hold the view that the District Court of Appeal, Third District, in this suit laid too much emphasis upon the fact that Linda Lee Stark testified, in answer to the aforementioned question, that she jammed on her brakes when she was approximately two car-lengths behind the car which she hit. She previously testified that she had decelerated when she was at least six car-lengths behind the vehicle with which she collided. On cross-examination she was asked the following questions and gave the following answers:
"Q. Why did you wait  never mind. I withdraw the question. In other words, you waited until you were two car lengths away before you put your brakes on, put on your brakes?
"A. Yes, sir; because I had decelerated to such a low speed. (Italics supplied.)
"Q. What?
"A. Because I had decelerated to such a low speed, sir.
"Q. You waited until you were two car lengths away to put on your brakes; is that correct?
"A. After I had decelerated; yes sir.
Our point is simply this: It is not for appellate court judges  who are furnished only with a cold typewritten or printed transcript of the testimony and who are not privileged as is the trial judge and as are the jurors to sit in the milieu of the nisi prius court  to determine as a matter of law whether the explanation as to how an accident occurred is sufficient to rebut the presumption of negligence when, as here, the defendant testifies positively that, in "taking precaution" to avoid the collision, she decelerated and, in due time, when at "low speed," applied her brakes. In the Pensacola Transit Company case, the defendant testified that he applied his brakes in due time and just didn't know why they failed to hold. In the instant case, the defendant was equally frank in stating that she just didn't know the reason for her car's failure to lose its forward momentum after the deceleration and application of brakes. Of course if the defendant had testified that she was not paying attention, was looking in another direction and did not decelerate or apply her brakes or in any other manner timely endeavor to avoid the accident, then it could well be said that, as a matter of law, her testimony was insufficient to rebut the presumption of negligence.
Appellate judges, including those of us who are participating in this decision, might think upon examination of the written transcript of the testimony that we would not have made the same determination of fact as the one which was made by *143 the jury; however, it must be remembered that we did not observe the witness (who was but twenty years of age at the time of the accident) while she was testifying and had no opportunity to judge her frankness or reticence or otherwise appraise, evaluate or weigh her testimony in its entirety at first hand.
Trial by jury may not be the best system which the brain of man might evolve, yet, until and unless, under our democratic process, it is changed by the people  those who are to be governed by it  no court, not even a court of last resort, is empowered to transmute it by judicial fiat.
Although the query here presented is not a simple one to resolve, we are inclined to cast our lot with the decision of the District Court of Appeal, First District, in the Pensacola Transit Co. case, and we quote with approval from the opinion prepared by Judge Donald Carroll:
"As the Florida Supreme Court held in the recent case of Bellere v. Madsen, Fla. 1959, 114 So.2d 619, 621, 80 A.L.R.2d 1, `where a defendant runs into the rear of plaintiff's automobile while plaintiff is stopped for a traffic light or at an intersection, there is a presumption of negligence of the defendant on which the plaintiff would be entitled to recover in the absence of an explanation by the defendant.' See also Shedden v. Yellow Cab Company, Fla.App. 1958, 105 So.2d 388, and McNulty v. Cusack, Fla.App. 1958, 104 So.2d 785.
"Under this just-quoted rule, properly considered, the question then is whether the explanation of the defendant's driver is sufficient to permit the jury lawfully to conclude therefrom that the presumption of negligence, which arose when the bus crashed into the rear of the plaintiff's car stopped at the intersection, had been overcome by that explanation. We do not think a judge, with his limited powers in the field of the determination of facts, can determine this question without `climbing into the jury box,' so to speak, and encroaching upon the exclusive domain of the jury."
We hold that the trial judge did not err in submitting to the jury for its determination the pertinent question discussed herein. Consequently, the challenged decision of the District Court of Appeal, Third District, should be and it is hereby quashed.
It is so ordered.
DREW, C.J., and THORNAL, O'CONNELL, CALDWELL and ERVIN, JJ., concur.
THOMAS, J., heard argument but did not participate in decision.