DREW, Justice.
The appellate court in this case[1] reversed a judgment entered on a verdict for defendant in a negligence action. The court, in an opinion containing a full statement of the facts and point of law in question, concluded that reversible error was committed by failure to instruct the jury on the “range of vision” rule, although plaintiff did not submit a proper charge on the point. Certi-orari has been granted on the ground of conflict with the decision in Jayess Investments Ltd. v. Barbee Foods, Inc.[2] that our rules of practice “require a party to request a proper instruction in order to claim error for the failure to instruct.”
While we recognize the propriety in some circumstances of a review of the sufficiency of instructions in the light of specific issues developed by the evidence, and the independent duty of a trial court in this regard,[3] we believe from a study of the record in this cause that the judgment should have been affirmed. Objections by plaintiff at the conclusion of the framing of the charges were directed solely to the court’s rejection of plaintiff’s “submitted instruction,” and assignments of error on appeal were equally limited. In this situation we think the appellate court erred in reversing on the ground that the general charge was fatally defective for lack of specific explanation of the rule in question.
The decision on this point is accordingly quashed and the cause remanded with directions that the judgment be affirmed.
CALDWELL, C. J., and THORNAL, ERVIN and ADAMS, JJ., concur.

. D.C.A. 2nd Dist., 200 So.2d 859.

. D.C.A. 3rd Dist., 155 So.2d 853.

. Cf. order and opinion In re Standard Jury Instructions, April 19, 1967, 198 So.2d 319.