PER CURIAM.
Appellants seek review of an adverse final judgment rendered upon a jury verdict in favor of appellees. The principal question preserved on appeal is the sufficiency of the evidence to support the judgment.
The evidence and reasonable inferences which may be draw therefrom, when considered in a light most favorable to appel-lees, reveal the following factual situation. Appellees were traveling west in their motor vehicle on a two-lane state highway directly behind a number of other vehicles proceeding in the same direction. Appellant was traveling easterly in her vehicle and in her proper lane of traffic. A vehicle ahead of appellees attempted to pass the vehicle in front of it, causing appellant to drive her car partially off the surface of the highway onto the right-hand shoulder thereof in order to avoid a head-on collision, the right wheels going off and the left wheels remaining on the pavement. The right-hand shoulder of the highway was level and from six to eight feet wide. The surface of the shoulder was in such condition as would permit a vehicle to travel over it at a rate of SO miles an hour without difficulty. In an attempt to fully return to the paved surface of the highway, appellant jerked her steering wheel sharply to the left causing her vehicle to dart across the highway into a broadside collision with the oncoming vehicle driven by appellees.
Appellant contends that when faced with the emergency created by the vehicle which entered her lane of travel thereby threatening a head-on collision, she acted as a reasonable and prudent person would have under the circumstances, and under the doctrine of sudden emergency s.he was not guilty of any negligence which proximately caused the collision between her vehicle and that of appellees.[1] Because of this appellant urges that the trial court erred in denying her motion for directed verdict at the conclusion of the evidence or, in the alternative, her motion for a new trial.
Although the evidence conclusively reflects that appellant was faced with a sudden emergency causing her to drive her vehicle partially off of the paved surface of the highway onto the shoulder of the road in order to avoid the threatened head-on collision, it is our view that whether despite this antecedent emergency appellant was guilty of negligence in thereafter swerving her car back onto and across the highway into the vehicle operated by ap-pellees was a question properly submitted to and decided by the jury. We are of the further view that whether appellant’s action in attempting to quickly regain the paved surface of the highway rather than proceeding down the shoulder of the road until her vehicle could be brought under control before attempting to fully return it to the pavement constituted negligence was an issue to be resolved only by the jury, and not by the court on motion for directed verdict. It is not the province of the trial court to substitute its judgment for that of the trier of the facts, nor may this court set aside the verdict when there is competent substantial evidence to support it. The jury was properly instructed on the law of negligence, proximate cause, and the doctrine of sudden emergency, and resolved the evi-dentiary conflicts in favor of appellees. Finding no error, the judgment appealed herein is affirmed.[2]
WIGGINTON, C. J., JOHNSON and SPECTOR, JJ., concur.

. Hormovitis v. Mutual Lumber Company, (Fla.App.1960) 120 So.2d 42.

. Old Equity Life Insurance Company v. Levenson, (Fla.App.1985) 177 So.2d 50; Stoller v. Jaffe, (Fla.App.1961) 125 So.2d 310.