PER CURIAM.
The appellant appeals from an adverse jury verdict and final judgment thereon, awarding the appellees $30,000.00 for injuries sustained while the appellee, Yolanda Lanteri, was employed by the appellant.[1] The appellees had joined in the appeal on the trial court’s post-judgment order directing a reduction of $5,000.00 in the judgment. We affirm.
The principal point raised by the appellant for reversal was the charge of the *159 trial court relevant to subsequent accidents. Reviewing the charge in its entirety, we find it correctly charged the jury that in the event it found the plaintiff, Yolanda Lan-teri, had been injured and suffered damages as a result of the initial accident, it should eliminate from any damage consideration injuries sustained in the subsequent accidents. Therefore, we find no error in the charge. Staicer v. Hall, Fla.App.1961, 130 So.2d 113; Florida East Coast Railway Company v. Lawler, Fla.App.1963, 151 So. 2d 852; Southeastern General Corporation v. Gorff, Fla.App.1966, 186 So.2d 273; 32 Fla.Jur., Trial, § 156.
The appellant has also urged error in the failure of the trial court to render an instruction that the award for loss of earning capacity should be reduced to present money value. No such instruction was requested and, therefore, we find no error in the failure of the trial judge to give same. Fred Howland, Inc. v. Morris, 143 Fla. 189, 196 So. 472, 128 A.L.R. 1013; Camp Phosphate Co. for Use and Benefit of Dudley v. Stokes, Fla.1949, 41 So.2d 340; Katz v. Red Top Sedan Service, Inc., Fla.App.1962, 136 So.2d 11; 32 Fla.Jur., Trial, § 142.
On the appellees’ cross-assignment, they urge that the trial court erred in its post-judgment $5,000.00 reduction order. From an examination of the record, we find that there was a pre-trial order which permitted the court to deduct from any verdict the plaintiffs might obtain any monies which had been paid to the plaintiff, Yolanda Lanteri, by the defendant. No error has been urged in the entry of the pre-trial order and it is apparent that the trial judge was only making the verdict conform to the evidence and his previous order by the entry of the post-judgment reduction order.
Therefore, for the reasons above stated, the final judgment here under review and the post-judgment order be and the same are hereby affirmed.
Affirmed.

. At the time of the accident in question, the appellant had elected not to be covered by the Florida Workmen’s Compensation Act. See: § 440.05, Fla.Stat., F.S.A.