REED, Judge.
This is an appeal by the plaintiff, Richard C. Frazier, from an adverse jury verdict in a negligence action. The complaint charged that the defendant Sylvia Ross Gunter negligently caused a vehicle she was driving and which was owned by the defendant Woodrow W. Ross to collide with a vehicle in which the plaintiff was seated on 26 May 1966 in Orlando, Florida.
The answer denied negligence and alleged contributory negligence. The jury returned a verdict in favor of the defendants. A post-trial motion for directed verdict or a new trial was denied, and this appeal was taken from the final judgment for the defendants.
The evidence indicates that the plaintiff was traveling east on Colonial Drive in Orlando, Florida, in the early evening when his automobile stalled. At the location of the accident Colonial Drive has three eastbound lanes and three westbound lanes separated by a grass median. At various intervals there were breaks in the median which provided an area in which motorists could cross the street. The plaintiff’s engine failure occurred when he was driving at a “normal” speed in the eastbound lane nearest the median and about fifty to one hundred yards west of a crossover area. The plaintiff’s first reaction was to attempt to restart his vehicle by putting his gear shift in second and releasing the clutch. When this failed, the plaintiff coasted his vehicle into the crossover area, unfortunately leaving a portion of the right rear of his vehicle protruding into the lane of traffic from which he had just come. The plaintiff testified that his automobile extended one to two feet into that lane. The defendant Gunter approached the scene from the west traveling east in the same lane the plaintiff had been using. She testified that plaintiff’s autoi mobile was protruding at least three feet into the traffic lane and prevented her from passing to the right without encroaching on the next eastbound lane to her right. The defendant Gunter also testified that almost as soon as she saw the plaintiff stopped she thought he was attempting a left hand turn and sounded her horn. How far she was from the plaintiff at this point in terms of feet is not clear from the testimony. Photographs in evidence indicate the distance may have been in the area of three hundred feet. Thereafter, the defendant began to apply her brakes slowly and continued to sound the horn. Not until she was sixty feet from the plaintiff did she make a hard application of the brakes. At this point it was too late for the brakes to stop the automobile on the rain wet pavement.
According to the defendant Gunter, traffic was heavy and this prevented her from moving around the plaintiff to the right. The plaintiff testified that his vehicle was stopped thirty to sixty seconds before the accident occurred, and that he had no difficulty in starting his vehicle after the ac *453 cident. The impact of the collision was between the left front of the defendant’s vehicle and the right rear of the plaintiff’s vehicle.
The first point presented on appeal by the plaintiff is whether or not the trial court erred in failing to direct a verdict for the plaintiff on the issue of liability. On the authority of Stark v. Vasquez, Fla. 1964, 168 So.2d 140 and Guile v. Boggs, Fla.1965, 174 So.2d 26, we conclude that the trial court correctly submitted the issue to the jury. In Guile v. Boggs the supreme court stated with respect to the presumption of negligence which arises upon proof of a rear end collision:
“The presumption provides a prima facie case which shifts to the defendant the burden to go forward with the evidence to contradict or rebut the fact presumed. When the defendant produces evidence which fairly and reasonably tends to show that the real fact is not as presumed, then the impact of ‘the presumption is dissipated’. Whether the ultimate fact has been established must then be decided by the jury from all of the evidence before it without the aid of the presumption. * * *
“When the matter goes to the jury in this posture it must be without the aid of the presumption, which has been reduced to the status of a permissible inference or deduction which the jury may or may not draw from the evidence before it.”
Applying this rule, we cannot say that the trial court erred in determining that the explanation offered by the defendant fairly and reasonably tended to rebut the presumption of negligence. Although the explanation is none too strong, we cannot hold that it was insufficient as a matter of law and required the trial court to take the issue of the defendant’s negligence away from the jury. Compare Stark v. Vasquez, supra.
The plaintiff’s next point questions the propriety of charging the jury on contributory negligence. The plaintiff’s argument is that there was no evidence to support the charge. Without belaboring the point, we conclude that reasonable men could reasonably have differed on whether or not the plaintiff used due care in his response to the mechanical problem which resulted in his vehicle coming to rest with at least a part of it protruding into a heavily traveled thoroughfare in early evening in rainy weather, and whether or not this conduct was a proximate cause of the accident. Sims v. Apperson Chemicals, Inc., Fla.App.1966, 185 So.2d 179, relied upon by the plaintiff is sufficiently distinguishable that it is not controlling on the present facts.
Also the plaintiff contends that because his vehicle was within the range of the defendant’s vision, the trial court erred in not instructing the jury on the “law of range of vision.” Apparently the plaintiff has reference to the so-called range of vision “rule” which is to the effect that one driving on the highway has a duty to drive in such a manner that he can stop or control his vehicle within the range of his vision. See G. Ferlita & Sons v. Beck, 1940, 143 Fla. 509, 197 So. 340. It has been recognized in recent years that the so-called range of vision rule is not a rule of law, Lientz v. Holder, Fla. 1957, 95 So.2d 505, and is not the proper subject of a jury instruction. See Urton v. Redwing Carriers, Inc., Fla.App.1967, 200 So.2d 859; Redwing Carriers, Inc., v. Urton, Fla.1968, 207 So.2d 273; and committee comment under Florida Standard Jury Instructions 4.13. For the court to give such an instruction is tantamount to an interference with the jury’s authority to determine whether under all the circumstances due care has been exercised. Hence we conclude there was no error in the trial court’s failure to give such an instruction.
The plaintiff’s brief presents several other points for review. We have fully con *454 sidered them as well as the entire record in the cause and conclude that such points do not demonstrate reversible error.
The judgment appealed from is affirmed.
Affirmed.
CROSS, C. J., and WALDEN, J., concur.