BARKDULL, Judge.
These consolidated appeals bring on for review certain orders entered in a personal injury action lately pending in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida.
The appellant was joined as a defendant in the original proceedings as the insurance carrier of one of the defendants, the late Cestmir Holoubek, pursuant to Bussey v. Shingleton, Fla.App.1968, 211 So.2d 593; Shingleton v. Bussey, Fla.1969, 223 So.2d 713. Thereafter, the carrier sought and received a severance pursuant to Beta Eta House Corporation, Inc. of Tallahassee v. Gregory, Fla.1970, 237 So.2d 163. The carrier then instituted an action *8 in a foreign forum, attempting to litigate coverage between it and its insured. It then filed a motion to abate or stay the plaintiff’s cause of action in the proceedings pending in the Eleventh Judicial Circuit, pending the determination of the action in the foreign forum as to coverage. This was denied. The matter proceeded to trial on the issues relating to the cause of action against the alleged tort feasor, at the conclusion of which [even though not a party to this trial] the appellant orally moved the trial court to give certain jury instructions. This the trial court declined to do and thereafter, following the jury verdict in favor of the plaintiff, a summary judgment was rendered in favor of the plaintiff against the carrier, and this appeal ensued alleging error in the failure to abate, the failure to give the requested instruction, and the entry of the summary judgment prior to a determination of the coverage action. We affirm.
The action in the Eleventh Judicial Circuit was commenced first, long prior to the institution of the coverage action in the foreign forum. No abuse of discretion has been shown on the part of the trial judge in denying the motion to stay. Tampa Drug Company v. Berger, 68 Fla. 344, 67 So. 97; Linguanti v. Linguanti, Fla.App.1957, 96 So.2d 906; 30 Fla.Jur., Stay of Proceedings, § 3; 1 Am.Jur.2d, Actions, § 97; 1 C.J.S. Actions § 133(6). At the time the appellant made the request for the instruction, it was not a party to the instant trial and the requested instruction was not in writing. Therefore, the action of the trial judge was completely proper. See Rule 1.470(b), RCP, 30 F.S.A. Camp Phosphate Co. for Use and Benefit of Dudley v. Stokes, Fla.1949, 41 So.2d 340; Jayess Investments Limited v. Barbee Foods, Inc., Fla.App.1963, 155 So.2d 853. As to the entry of the summary judgment, it was consistent with the amount of coverage afforded by the policy and the appellant failed to demonstrate any reason why the trial court should have held up the plaintiff’s recovery pending foreign proceedings. The appellant relies principally on the following authorities for the proposition that the trial court should have abated the action: Spadaro v. Palmisano, Fla.App.1959, 109 So.2d 418; American Fidelity Fire Insurance Company v. Johnson, Fla.App.1965, 177 So.2d 679. We find these to be distinguishable. First, because the delay by the carrier in raising the issue long after the institution of the original plaintiff’s cause of action and, second, it does not appear that the trial court prevented the carrier from actually litigating [if it had desired to] the coverage question in the case before him.
Therefore, for the reasons above stated, the final judgment here under review be and the same is hereby affirmed.
Affirmed.