PER CURIAM.
In this case, the trial court directed a verdict on liability against the defendant. This was assigned as error, but we hold that the trial court was not in error in this inasmuch as the driver for appellant admitted in his testimony that he was changing lanes and saw a car coming, and he “pulled back in and my right fender hit his left on the back.” This was sufficient evidence, from which the trial court could determine a violation of the Florida Statutes by the driver of defendant’s truck, without explanation, upon which the order directing the verdict as to liability against the defendant was based.
Appellant next raises the issue of the excessiveness of the verdict. The amount of damages to be awarded was properly a jury question and there was sufficient evidence to support the verdict.
The next question raised by the appellant, the jury instructions on future damages, causes us to take a closer look at the charges to the jury. While the defendant’s counsel had requested the Florida Standard Jury Instruction, we do not find an objection at the close of the charges; but, we do hold the instructions to the jury were comprehensive enough to cover the Standard Jury Instruction so that there was no error, irrespective of whether the objection was given or not.
We are cognizant of the holding of our sister court in Lawn v. Wasserman, 248 *859 So.2d 548 (Fla.App. 3rd, 1971), but we do not think the facts of this case fall within the rule of the Lawn case.
For these reasons, the judgment herein appealed is
Affirmed.
CARROLL, DONALD K, Acting C. J., and JOHNSON and RAWLS, JJ., concur.