WALDEN, Judge.
We have been given the privilege of pre-reading the able and thorough dissenting opinion prepared by our Associate, The Honorable Russell O. Morrow. It accurately contains, and we will not repeat, the facts and status of the appeal.
Appellants raise only two points on appeal, as follows:
I
The court committed reversible error in permitting the jury, over the appellants’ objections, to consider the pain and suffering on the part of the decedent in assessing damages to be awarded his estate.
II
The verdict was excessive based upon the lack of evidence relating to the prospective estate of the decedent.
As to Point I, we agree with Judge Morrow’s reasoning and conclusion that no error was committed.
As to Point II, our survey of the record leaves us convinced that, while the verdict is large, it is adequately supported by the evidence and was rationally computed in accordance with the Court’s charge as to the law. Threets v. Hardison, Fla.1971, 255 So.2d 267.
A close analysis coupled with speculation and conjecture (we can not, of course, know the factors employed by the jurors in reaching their general verdict) leads us to hazard that possibly appellants’ true problem as concerns the verdict is with the failure of the jury to reduce the loss of decedent’s prospective estate to its present money value. It is true that the trial court did not charge or instruct the jury as to this matter, such charge being that contained in Charge 6.10 of Florida Standard Jury Instructions. However, appellants did not request such charge; did not bring the matter to the trial court’s attention; did not object to the Court’s failure to give such charge; did not include the matter as a ground in their motions for a new trial; did not assign the omission as error; and did not make it a point on appeal (which they could not do since they had not as *607 signed it as error). As concerns the necessity for making some objection, request, etc., see Tanenbaum v. Biscayne Osteopathic Hospital, Inc., Fla.App.1965, 173 So.2d 492; Golden v. Harrell, Fla.App.1962, 147 So.2d 350; Katz v. Red Top Sedan Service, Inc., Fla.App.1962, 136 So.2d 11; Thorsell v. Miller, Fla.App.1965, 180 So.2d 677; Arnold Owens, Inc. v. Balido, Fla.App.1965, 175 So.2d 96.
Forasmuch as we are advised, appellants deliberately chose, in view of the foregoing, to waive or attach no significance to such charge. It may well have been that as a matter of trial strategy they chose not to muddy the water or leave an inference of liability that might have arisen from such charge. We could equally speculate that counsel chose to focus their whole power upon total non-liability rather than upon the mitigating feature of the charge in question, which smacks of confession and avoidance.
In Redwing Carriers, Inc. v. Urton, Fla.1968, 207 So.2d 273, Justice Drew for the Supreme Court in effect provided that the failure of the trial court to instruct the jury on “Range of Vision” rule, where plaintiff did not submit a proper charge or later object on the point, was not error. In Norman v. Mullin, Fla.App.1971, 249 So.2d 733, the court reversed the judgment where the trial court failed to charge the jury on their duty to reduce future damages to present value. However, and this is the critical distinguishing point, the defendant requested such charge. The case precisely on point is Great Atlantic & Pacific Tea Company, Inc. v. Lanteri, Fla.App.1969, 221 So.2d 158. Here, the court held:
“The appellant has also urged error in the failure of the trial court to render an instruction that the award for loss of earning capacity should be reduced to present money value. No such instruction was requested and, therefore, we find no error in the failure of the trial judge to give same.” (Citing cases.)
In sum we find no error and no matter which would overcome the presumption of correctness that attends the judgment.
Affirmed.
OWEN, J., concurs.
MORROW, RUSSELL O., Associate Judge, dissents, with opinion.