PER CURIAM.
On the basis of our review of the briefs, record on appeal and oral argument we are of the opinion that the trial court erred in granting plaintiff’s motion for directed verdict on the issue of liability.
The driver of a vehicle which strikes the rear of another vehicle is presumed to be negligent and a plaintiff would be entitled to recover in absence of an explanation by the defendant. Guile v. Boggs, Fla.1965, 174 So.2d 26; Frazier v. Ross, Fla.App.1969, 225 So.2d 451. Whether the defendant driver’s explanation is sufficient to overcome the presumption of negligence is, in our view, under the facts and circumstances of this case a matter within the exclusive domain of the jury. Stark v. Vasquez, Fla.1964, 168 So.2d 140. As this Court stated in Frazier v. Ross, supra, 225 So.2d at 453:
“ . . . Although the explanation is none too strong, we cannot hold that it was insufficient as a matter of law and required the trial court to take the issue of the defendant’s negligence away from the jury. . . . ”
We have reviewed the defendants’ remaining points concerning the excessiveness of the verdict and the admission of drug bills into evidence and find them to be without merit. Accordingly, the order directing a verdict on the issue of liability is set aside and the cause is remanded to *692 the trial court with directions to grant defendants’ motion for new trial upon the issue of liability.
Reversed, in part; affirmed, in part.
REED, C. J., and WALDEN and MAGER, JJ., concur.