279 So.2d 62 (1973)
Kenneth Denver DARR, Appellant,
v.
Johnnie AGLIN et al., Appellees.
No. R-394.
District Court of Appeal of Florida, First District.
June 19, 1973.
W. Spencer Mitchem, of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellant.
Artice L. McGraw, of Phillips, Williams, McGraw & Cetti, and William H. Anderson, Pensacola, for appellees.
RAWLS, Judge.
This is a negligence action arising out of a collision on Interstate 10 between a truck owned and operated by appellant Kenneth Darr and a front-end loader owned by Pensacola Concrete Company and driven by appellee Johnnie Aglin.[1] A complaint was filed by Aglin and Pensacola Concrete Company against Darr and the lessor of his truck, Pan American Van Lines. Defendants denied any negligence in their answer and filed a counterclaim alleging negligence on the part of appellee Aglin. After all evidence was adduced, the trial judge denied motions for directed verdict made by both parties and submitted the issues to a jury. The jury's verdict found for defendant-appellant Kenneth Darr as to the *63 claims of Mr. and Mrs. Aglin and Pensacola Concrete Company and in favor of appellant Darr on his counterclaim against Aglin and Pensacola Concrete Co. in the sum of $6,415.86. Pursuant to motions for judgment in accordance with motions for directed verdict and for new trial made respectively by Aglin and Pensacola Concrete, the trial judge granted their motions for directed verdict; set aside the jury's verdict and judgment and denied appellee's motion for new trial on the remaining issues. Appellant Darr now appeals the trial court's post trial judgment, and Aglin and Pensacola Concrete Co. cross assign as error the trial court's denial of their motion.
The elementary test for a directed verdict is that the party who so moves admits not only the facts proved by the evidence adduced, but also admits every conclusion favorable to the adverse party that the jury might fairly and reasonably infer from the evidence.[2]
In the case at bar, the evidence construed in a light most favorable to the jury's verdict does not support the post trial judgment entered by the trial judge. Appellee Aglin voluntarily drove his slow moving vehicle on this arterial highway occupying a traffic lane with a lawful minimum speed of forty miles per hour. According to Aglin's testimony, he was traveling at the rate of twenty-five miles per hour at the time of the accident and had no warning flags or signs on his vehicle that would alert a following motorist as to his "tortoise" pace. Appellant Darr testified that he was operating his tractor-trailer unit, weighing some 58,000 pounds, at a speed of 50 to 60 miles per hour (within the lawful speed limit), and as he approached a grade, he saw the outline of the top of the front-end loader approximately a thousand feet ahead and assumed that the front-end loader was a piece of machinery being transported on a low-boy. After topping the hill, appellant Darr first realized that the front-end loader was being driven by appellee Aglin at a slow rate of speed in the right traveling lane of the interstate highway and that he had to take immediate action to avoid a collision. As soon as he realized that he was gaining on the front-end loader, appellant Darr started applying brakes and slowing down. Darr was fearful that a full emergency stop would result in jackknifing the trailer and causing a chain reaction collision of vehicles following his unit in excess of the 40 miles per hour minimum speed, or that if an emergency stop was successful without jackknifing the same result would occur. In his own words, Darr stated:
"I didn't have too much time to decide what was the right thing to do. I know I had to do something. I had traffic on my rear bumper. I had traffic on my left side 
......
"I slowed down all I figured I could without causing another accident... . That car that was right on my rear end... . Close enough behind me, sir, that when the impact of this accident happened they ran two other cars together right on the rear end of this trailer."
Appellee Aglin insists that the physical evidence and other evidence submitted by him proves without any contradiction that appellant Darr was guilty of negligence as a matter of law, and that under his theory of the case, the trial judge should have granted him a new trial. Appellee also hypothesized that since a presumption of negligence arises from the fact that a following vehicle strikes a vehicle traveling in the same direction ahead of it, whether the forward vehicle be stopped or traveling forward, that Darr was guilty of negligence as a matter of law.[3]
*64 The authorities cited by appellee Aglin are sound when viewed in the light of the factual situations revealed in each case. However, the presumption of negligence which arises upon proof of a rear end collision only provides a prima facie case which shifts to the other party the burden of going forward with the evidence to contradict or rebut the fact presumed.[4] Darr, as the evidence reveals, far exceeded the burden cast upon him.
Interstate highways were designed and constructed for moving motor vehicles at a relative high rate of speed. Upon such facts as here reviewed, the jury was free to find, as it apparently did: 1) that appellee Aglin "had no business" operating a front-end loader at the rate of twenty-five miles per hour in an interstate lane of traffic designed and constructed for the movement of traffic at a rate of speed not less than forty miles per hour; 2) that an emergency lane is provided on this network of expressways for the purpose of providing a space for vehicles to move out of the express lanes, which appellee Aglin failed to utilize after placing himself and other traffic in a perilous position by his voluntary action; 3) that a motorist, operating in compliance with the speed minimums on interstate highways, may well assume that other vehicular traffic, absent construction warnings or "slow moving vehicle" signs[5] is traveling in conformance with the laws of Florida, and thus "reaction time" is lengthened; and 4) that appellant Darr was confronted with a sudden emergency and reacted in a prudent manner under the circumstances.
The trial judge correctly denied appellee Aglin's motion for a directed verdict prior to submitting the cause to the jury. The post judgment order directing a verdict in favor of appellee Aglin is contrary to the evidence and thus must be set aside. The judgment appealed is reversed with directions to reinstate the jury verdict in favor of appellant Darr. In view of our conclusion, other points posed are without merit.
Reversed and remanded.
CARROLL, DONALD K., Acting C.J., and WIGGINTON, J., concur.
NOTES
[1] Prior to trial Aglin was killed as a result of an incident unrelated to the instant accident.
[2] Baker v. Stolley, 155 So.2d 809 (1 Fla. App. 1963).
[3] Pensacola Transit Co. v. Denton, 119 So.2d 296 (1 Fla.App. 1960); Stark v. Vasquez, 168 So.2d 140 (Fla. 1964); Alterman Transport Lines, Inc. v. McCahon, 168 So.2d 707 (3 Fla.App. 1964); Holden v. Dye, 224 So.2d 350 (1 Fla. App. 1969); Ben's Seltzer, Inc. v. Markey, 254 So.2d 377 (3 Fla.App. 1971); and Knabb v. Tompkins, 254 So.2d 858 (1 Fla.App. 1971).
[4] Frazier v. Ross, 225 So.2d 451 (1 Fla. App. 1969).
[5] F.S. § 316.276, F.S.A.