PER CURIAM.
Juana and Hector Torres appeal from the entry of a final judgment for the appellees, Steven Sell and Universal Auto Salvage, Inc. (Universal). We reverse.
This appeal arises out of an action for damages which Hector Torres sustained when his automobile collided with another vehicle which was driven by Steven Sell. The defendants below, Sell and Universal, for whom Sell was working at the time of the accident, maintained that the collision resulted from the slippery road conditions and the unexpected actions of an unidentified third vehicle. They further contended that this created an emergency situation and, therefore, they were not liable as a matter of law. The trial court directed a verdict for Sell and Universal on this theory after all the evidence was presented and then entered a final judgment based upon the verdict.
We agree with appellants’ contention that the trial court erred in directing a verdict for Sell and Universal. The presence or absence of a sudden emergency situation is a question of fact ordinarily to be decided by the jury. Scott v. City of Opa Locka, 311 So.2d 825, 827 (Fla. 3d DCA 1975); Darr v. Aglin, 279 So.2d 62, 64 (Fla. 1st DCA 1973); Young v. Taylor, 212 So.2d 25 (Fla. 2d DCA 1968); see also Schubowsky v. Hearn Food Store, Inc., 261 So.2d 162, 162 (Fla.1972) (Ervin, J„ dissenting). So, too, is the issue of whether, under the circumstances, the defendant reacted to the situation in a prudent manner. Cleveland v. City of Miami, 263 So.2d 573 (Fla.1972); Darr, 279 So.2d at 64; Dixon v. Thompson, 217 So.2d 887 (Fla. 1st DCA 1969).
The law is well settled that:
[a] motion for a directed verdict should be granted only when the court, after viewing the evidence and testimony in the light most favorable to the nonmov-ing party ... concludes that the jury could not reasonably differ as to the existence of a material fact or inference and that the movant is entitled to judgment as a matter of law.
City of Hialeah v. Rehm, 455 So.2d 458, 460 (Fla. 3d DCA 1984) (citations omitted), review denied, 462 So.2d 1107 (Fla.1985); see also Rodi v. Florida Greyhound Lines, Inc., 62 So.2d 355 (Fla.1952); Yarbrough v. Ball U-Drive System, Inc., 48 So.2d 82 (Fla.1950); Forshee v. Peninsular Life Ins. Co., 370 So.2d 842 (Fla. 3d DCA 1979); Darr, 279 So.2d at 63. Construing the evidence in the light most favorable to the Torreses, we find that the jury could have reasonably differed as to either one or all of the Torreses’ contentions that: 1) no emergency situation was presented; 2) Sell’s actions contributed to the situation; or 3) Sell did not react in a prudent manner once faced with the sudden emergency. *523 Consequently, we find that it was error for the trial court to have substituted its judgment for that of the trier of the facts. See, e.g., Dixon, 217 So.2d at 888; cf. Darr, 279 So.2d at 64 (error for trial court to enter a post trial judgment in accordance with the motion for a directed verdict where the evidence, when viewed in the light most favorable to the non-moving party, supported the non-moving party’s contention that he reacted prudently to a sudden emergency). Accordingly, the judgment under review is
Reversed and remanded for a new trial.